ALEXANDER WALTER *et al.*

*v.*

FREDERICK BIERMAN.

APPEAL FROM JUSTICE OF THE PEACE *by one of two defendants.* One of two defendants against whom a judgment had been rendered, in a justice's court, took an appeal therefrom to the circuit court, and without any summons having been issued to bring in the other defendant, or his appearance having been entered, the circuit court at the next term thereof, after

such appeal was perfected, upon the motion of the party who recovered the judgment, dismissed the appeal with a procedendo and rendered judgment against both defendants "for damages in the delay in taking said appeal" and for costs: *Held,* that this was error, the circuit court having no jurisdiction, under the statute, to render judgment against the defendant not joining in the appeal, without summons issued against him, notifying him of such appeal and requiring him to appear, etc., to be served as other process issued in appeal cases, and if the summons be returned not found, the cause, at the first term, to stand continued, but at the second term shall be tried—when the court would have power to render the same judgment as though both defendants had joined in the appeal.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. WINKELMAN & BONEAU, for the plaintiffs in error.

Mr. G. VAN HOOREBEKE, for the defendant in error.

Per CURIAM: On the 26th day of October, 1870, the defendant in error recovered a judgment in justice's court against plaintiffs in error, for $47.57. On the 8th day of November, 1870, Charlotte Walter, one of the defendants below, alone took an appeal from said judgment to the circuit court of Clinton county, a term of which was begun on the 14th of the same month of November. On the 22d day of that month, without any summons having been issued, to bring in Alexander Walter, or his appearance having been entered, the circuit court, on the motion of appellee, in that case, dismissed the appeal with a procedendo, and rendered a judgment against both plaintiffs in error for $4.75 cents, "the same being" (as the record recites) "for damages in the delay in taking said appeal," and also a judgment for costs against both.

This was error. The 63d section of Chapter 59 of the Revised Statutes, of 1845, page 324, declares, that one or more plaintiffs, or defendants, in causes decided by justices of the peace, shall be allowed the right of appeal to the circuit court, without the consent of the others. The 64th section of same

chapter provides, that when an appeal bond shall be executed by one of several parties, from the judgment of a justice of the peace, the clerk of the circuit court shall issue a summons against the other parties, notifying them of the appeal in the circuit court, and requiring them to appear, etc. ; which summons shall be served as other process issued in appeal cases, and in case such summons shall be returned that parties are not found, the cause shall, at the first term of the court, be continued, but at the second term shall be tried, and the court have power to give the same judgment in appeals, taken under the provisions of this chapter, as though all the parties to the judgment had joined in the appeal.

It is manifest, from these provisions of the statute, that the circuit court had no jurisdiction to render the judgment for damages and costs against Alexander Walter, and for this reason the judgment must be reversed and the cause remanded.

*Judgment reversed.*