# THE CITY OF ALTON

*v.*

# GEORGE KIRSCH *et al.*

1. ORDINANCE OF CITY—*necessity of complaint for a violation.* If the ordinances of a city do not require a complaint in writing, on oath, for their violation, a defect in such complaint when made will not vitiate, provided the justice of the peace has jurisdiction of the subject matter.

2. On appeal in a prosecution for the violation of a city ordinance, the suit was dismissed because neither the complaint nor warrant showed that the act complained of was committed in the city: *Held,* in the absence of proof to the contrary, that it could not be presumed that the ordinances required a written complaint under oath, and in that event a substantial defect in the complaint could not deprive the circuit court of jurisdiction to hear and determine the case upon its merits.

3. SAME—*process.* Although an ordinance may require a complaint under oath to justify the commencement of a prosecution thereunder, and may provide for the issuing of a *capias* for the arrest of the offender, this will not determine the character of the proceeding. The *capias* may operate as a summons only.

4. APPEAL—*defects in proceedings cured by.* On appeal from the judgment of a justice of the peace to the circuit court, no advantage can be taken of any irregularity in the process issued by the justice or in its service. The only requisite is, jurisdiction of the subject matter in the justice. If that exists the trial is to be had *de novo.*

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was a suit by the city of Alton against George Kirsch and Balser Schiep, to recover a penalty for a violation of an ordinance of the city. The complaint stated that the defendants, "on, etc., and for many days previous, violated the ordinances of the city of Alton, by selling and bartering fresh meats in less quantities than one quarter, without license." Upon this complaint, which was sworn to, a *capias* or warrant was issued and served by reading. The circuit court, on appeal, dismissed the suit for the reasons given in the opinion.

Mr. A. W. HOPE, for the appellant.

Mr. J. H. YAGER, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This suit was originally brought before a justice of the peace, by the city of Alton, and a judgment recovered against the defendants for ten dollars and costs. An appeal was taken to the circuit court of Madison county, in which court the defendants entered their motion to dismiss the suit, on the ground there was no sufficient complaint or warrant. This motion the court sustained. To reverse this judgment the plaintiff brings the record to this court, assigning as error this decision.

The suit was brought for an alleged violation of an ordinance of the city of Alton, by selling and bartering fresh meats in less quantities than one quarter, without license. It would seem the complaint was in writing, and the objection taken was, that it did not show the bartering and selling was within the limits of the city of Alton.

It is claimed by appellees that the proceeding before the justice was of a criminal nature, and the warrant commands the constable, not to summon, but to take the bodies of defendants.

The ordinance alleged to have been violated is not before us. We can not know, therefore, what its provisions on this subject may be.

It is true, as appears from the record, a complaint on oath was made that the defendants had violated certain ordinances of the city. What the penalty provided, and what the mode of proceeding prescribed by the ordinances, we are not advised. If the ordinance required a complaint on oath should be made, that would not determine the character of the proceeding. For aught we can know, the ordinances not being before us, such violation may have subjected the wrong-

doer to a penalty only; and if the ordinance did not require a complaint in writing on oath, a defect in such complaint would not vitiate, provided the justice of the peace had jurisdiction of the subject matter.

The motion to dismiss was sustained for the reason that it was not alleged in the complaint or warrant that the defendants did the act complained of within the city of Alton. Now, if a complaint in writing was not necessary, one defective in an important particular could not deprive the circuit court of the power to hear and determine the case on the facts, as they might be established in that court, the cause in the circuit court being heard *de novo*.

It is in conformity with previous decisions of this court to hold, and we do hold, that, in the circuit court, the plaintiff could establish, by proper proofs, his cause of action, provided the justice of the peace had jurisdiction. *Prima facie* he had jurisdiction in suits to recover a penalty of ten dollars for a violation of the ordinances of the city, and the facts might be established in that court on which the penalty was claimed. Although the warrant to the officer was to take the bodies of the defendants, it appears, by his return thereto, that he served it by reading, and that defendants were present in court. A *capias* may operate as a summons only. *Wann* v. *McGoon*, 2 Scam. 74.

It is well settled in this court, that no advantage can be taken in the circuit court of any irregularity in the process issuing from a justice of the peace, or in its service. Such is the statute. R. S. 1845, p. 325. The only requisite is, jurisdiction in the justice of the peace. For aught that appears, he had jurisdiction in this case, and the suit should not have been dismissed.

For this error the judgment is reversed and the cause remanded.

*Judgment reversed.*