WILLIAM WASSON

*v.*

WILLIAM D. CONE.

1. APPEARANCE — *by attorney gives jurisdiction of the person in justice's court.* If a defendant in attachment in a justice's court appears by attorney and goes to trial on the merits, this will confer ample jurisdiction over his person, although the notices posted by the constable are insufficient. Insufficiency of service is waived by appearance and going to trial.

2. APPEAL — *taking, confers jurisdiction on the circuit court.* Although a justice of the peace may fail to acquire jurisdiction of the person of the defendant, yet, if the latter perfects an appeal to the circuit court, this will give the latter court jurisdiction. After removing the case to the circuit court by appeal, the defendant can not be heard to insist that the justice had no jurisdiction.

3. ATTACHMENT — *personal judgment a release of the levy.* Where the court, on the trial of an attachment suit, renders simply a personal judgment, without ordering the sale of the property attached, it operates as a dismissal of the attachment, and as a release of the property attached. Property attached can not be sold, or any process issued for that purpose, unless the judgment orders its sale.

APPEAL from the Circuit Court of Peoria County; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

This was a suit commenced by Cone against Wasson, before a justice of the peace, by attachment, the writ being levied upon property of the defendant. An appeal was taken by the defendant to the circuit court, and finally to this court.

Mr. L. O. WILSON, for the appellant.

Messrs. CRATTY BROTHERS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case defendant appeared by attorney and went to trial before the justice of the peace. He found for plaintiff and rendered a personal judgment against defendant, but rendered no judgment against the property levied on under

the writ of attachment. From this judgment defendant appealed to the circuit court of Peoria county, and on a trial by the court, by consent, without a jury, the judge trying the case found for plaintiff $25, the amount of the judgment rendered by the justice, and rendered judgment for the same, and awarded execution generally, without any order for the sale of property attached, or for its release or discharge.

Before the trial defendant entered a motion to quash the writ of attachment, which was overruled. And after the evidence was heard he renewed the motion, and, in addition, that the suit be dismissed; but this motion was also denied. Defendant brings the record to this court on appeal, and urges a reversal.

We have examined the evidence in the transcript with care, and are satisfied that it sustains the finding of the court below. The court could not, on the evidence, have found otherwise, and there was no error in rendering the judgment for the amount found by the court.

It is claimed that the affidavit, the levy, and return are not sufficient to give the court jurisdiction over the property, nor the notices posted by the constable to give jurisdiction of the person of defendant. He appeared in the justice's court by attorney, and this conferred ample jurisdiction of his person; and it does not matter whether the notices were or not sufficient. The notices were intended for service, and although they should be defective, like any other insufficient service — a want of conformity to the requirements of the statute in giving the notice — the defect would be waived by appearing and going to trial. Where a defendant enters his appearance, it has been repeatedly held by this court that it does not matter whether summons is good, the service defective, or in fact whether there has been any process in the case. The object of a summons or publication of the pendency of the suit is to bring the defendant into court, and when he appears the purposes of service are all accomplished.

But if the justice of the peace had failed to acquire jurisdiction of the person of the defendant, the circuit court undoubtedly did by his perfecting his appeal to that court; and, having removed the case to that court, he could not be heard to insist that the justice had no jurisdiction of his person. See *City of Alton* v. *Kirsch*, 68 Ill. 261. There was no error in refusing to dismiss on this ground.

Nor does it matter whether the affidavit for the attachment, or the levy, or return were or not sufficient, as neither the justice nor circuit court rendered any judgment for the sale of the attached property, as provided by the 52d section of the Attachment Act. When the court failed to order the sale of the property seized under the writ, it operated as a dismissal of the attachment. It operated to release the property from the levy under the writ of attachment, and the judgment was only personal against the defendant, to be enforced precisely as though there had been no attachment sued out and levied, but service of summons or appearance by the defendant. A defective writ of *capias ad respondendum* may be quashed as a *capias*, but the service stand as though it had been had on a summons. And where there has been personal service of a defective writ of attachment, or there has been an appearance by defendant, and the writ is quashed as an attachment, no reason is perceived why the writ may not stand as a summons, and the service be good to bind the defendant on a personal judgment.

When the circuit court rendered a personal judgment only, it operated as fully to quash the attachment and release the property as if the previous motion had been allowed, and a formal order entered. The property attached could not be sold, or any process issued for the purpose — unless the judgment had ordered its sale — except under the statute, before judgment rendered, to prevent its loss by perishing. The statute requires the judgment to order its sale, and such an order is essential to its validity after judgment. It then follows that appellant obtained, in an-

other mode, all he asked by his motion, except the dismissal of the suit; and we have seen he was not entitled to have that allowed.    Perceiving no error in the record, the judgment of the court below must be affirmed.

<em>Judgment affirmed.</em>