Humphreys v. Rodgers.

ISAAC HUMPHREYS ET AL.

V.

THOMAS M. RODGERS.

APPEAL FROM A JUSTICE BY ONE DEFENDANT—DISMISSAL.—Where one of two or more defendants appeals from the judgment of a justice, a summons must issue from the circuit court to the defendants not appealing, or their appearance in circuit court must be properly entered, before the court can take jurisdiction of the appeal. Where such defendant has not been brought in, it is error to dismiss the appeal on call, and render judgment for costs against all the defendants.

Humphreys v. Rodgers.

Error to the Circuit Court of Wayne county; the Hon. Wm. C. Jones, Judge, presiding. Opinion filed October 6, 1881.

Mr. Edwin Beecher, for plaintiffs in error; cited Rev. Stat. 1874, 648; Lehman v. Freeman, 86 Ill. 208; Callaghan v. Myers, 89 Ill. 566; Walter v. Bierman, 59 Ill. 186; Stewart v. Peters, 33 Ill. 384; Steinborn v. Thomas, 13 Chicago Legal News, 284.

It is only in a collateral proceeding that jurisdiction will be presumed: Swearengen v. Gulick, 67 Ill. 208; Clark v. Thompson, 47 Ill. 25.

Messrs. Hanna & Adams, for defendant in error; cited Boyd v. Kocher, 31 Ill. 297.

Casey, P. J. Defendant in error brought suit, and obtained a judgment against plaintiffs in error, before a justice of the peace in Wayne county. Plaintiff in error Musgroves, alone appealed to the circuit court of that county. At the March term of the circuit court 1880, the cause was continued for service on Humphreys, who had not joined in the appeal. No writ was issued, or service had upon Humphreys, and at the October term, A. D. 1880, of the said circuit court, the following order was entered in said cause: "And now on this eighth day, came the plaintiff, and the defendants, being the appellants herein, they and each of them being three times solemnly called, come not, but herein wholly make default; whereupon it is considered by the court that the appeal herein be dismissed, and that a procedendo issue to the justice of the peace, from whom the appeal was taken, and that the defendants pay the costs accrued by the taking of said appeal, and that fee bill issue therefor." The case is brought to this court by a writ of error, and the errors assigned are as follows: 1. The court erred in dismissing the appeal when the defendant below, Isaac Humphreys, had not joined in the appeal, nor had he been summoned to appear in said circuit court. 2. The court erred in entering a judgment for costs against said defendant below, Isaac Humphreys, when he was

not in any manner in court.   3. The court erred in disposing of the case in the circuit court, until all parties were properly in court.   Section 70 of Chapter 79, Underwood's Revision of the Statute, provides in substance, that when an appeal is taken by one of several parties from the judgment of a justice of the peace, the clerk of the circuit court shall issue a summons against the other parties, not appealing, notifying them of the appeal, &c.   And in case such summons shall be returned, that the parties are not found, the cause shall, at the first term of court be continued, but at the second term may be tried.   The appeal in this case falls within, and must be governed by this section of the statute.   .Only one of the defendants appealed; no summons was issued against the party defendant not appealing.   The cause did not stand for hearing until both were in court by actual or constructive notice.   In such cases the Supreme Court of this State, has frequently held that to render judgment against both, it was necessary that both of the defendants should have been in court by service or appearance, as they had both been served with process in the justice's court, and .it is immaterial whether the party appealing does so by filing his bond before the justice of the peace, or in the office of the clerk of the circuit court.   Stewart et al. v. Peters, 33 Ill. 384; Walter et al. v. Bierman, 59 Ill. 186.   The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.