WM. BOURTON, SR., AND WM. BOURTON, JR.,

v.

RATHBONE, SARD & COMPANY.

*Practice—Sec. 70, Chap. 79, R. S.—Appeal by One of Two Defendants from Justice's Judgment—Continuance—Summons—Plea—Appearance—Corporations—Evidence.*

1. Where one of two defendants appeals from the judgment of a Justice of the Peace, and the other has not appeared and no process has issued against him, it is error for the court to overrule a motion for a continuance and enter judgment against both defendants.

2. Under such circumstances it is the proper practice to allow the motion for a continuance and to direct summons to be issued against the defendant who has not joined in the appeal.

3. A written plea of *nul tiel* corporation, filed in the Justice Court by such defendant, which is found after the appeal among the papers with the file mark of the clerk of the court to which the appeal is taken, will not be held to be an appearance by him.

4. Where the plaintiff is a corporation of another State and its corporate existence is in issue, it must establish such existence by proper evidence.

[Opinion filed November 9, 1887.]

IN ERROR to the Circuit Court of Cook County; the Hon. JOHN C. BAGBY, Judge, presiding.

Messrs. M. A. RORKE & SON, for plaintiffs in error.

Messrs. McCLELLAN & CUMMINS, for defendant in error.

MORAN, P. J.   An action was brought in Justice Court by defendant in error against plaintiff in error, and a judgment recovered, from which judgment an appeal was taken to the Circuit Court by William Bourton, Sr., by filing his appeal bond with the clerk of said court, and procuring a supersedeas to be issued to the Justice.   William Bourton, Jr., did not join in the appeal, and no summons was issued against him by the clerk of the Circuit Court, as required by Sec. 70, Chap. 79,

R. S., in case of appeal by one of several parties from the judgment. The appearance of defendant in error was entered in the Circuit Court, and the case placed on the trial calendar. Before the case was called for trial the appellant, William Bourton, Sr., moved the court to continue the case till the next term, for the reason that his co-defendant had not appeared and no process had been issued against him. This motion the court overruled and the case was tried, the defendant, William Bourton, Jr., not being present in court, and a verdict was rendered against both the plaintiffs in error and a judgment entered against them. It was error for the court to enter judgment against the defendant, William Bourton, Jr., as it plainly had obtained no jurisdiction of his person. The proper practice was to allow the motion for continuance and direct summons to be issued against the defendant who had not joined in the appeal. Walter v. Bierman, 59 Ill. 186; Humphreys v. Rodgers, 9 Ill. App. 281; Lehman v. Freeman, 86 Ill. 208. It is contended by counsel for the defendant in error, that a written plea of *nul tiel* corporation, which was filed by William Bourton, Jr., in the Justice Court, and which was afterward marked filed by the clerk of the Circuit Court, must be held to be an appearance in the Circuit Court.

The plea is entitled in the Justice Court, and bears the file mark of the Justice. The law directs the Justice, when a supersedeas is served upon him, to return all the papers and a transcript of the judgment he has given to the clerk of the court to which the appeal is taken, and the filing of such papers and transcript in the office of the said clerk is the perfecting of the appeal.

When, therefore, a written plea which was filed in the Justice Court, is, after the appeal, found among the papers with the file mark of the clerk of the court to which the appeal is taken upon it, the manifest presumption in the absence of evidence to the contrary is, that it was filed in the clerk's office by the Justice in obedience to the statute. There is nothing in the record to rebut this presumption, and therefore no warrant for treating such plea as an appearance by the plaintiff in error, William Bourton, Jr., in the Circuit Court.

Another error assigned is that the plaintiff in the court below failed to show that it was a corporation. This was a fact which was material to its right to recover, and it was therefore bound to make it out by competent proof. If it was organized under a general corporation act of the State of New York, such act and the certificate of organization under it, would have to be introduced in evidence to show the existence of the corporation.

The bill of exceptions shows that the act of New York was mentioned by counsel for defendant in error but it is not shown that such act was formally introduced in evidence, and we are unable to say that it was in evidence at all. For the errors in overruling the motion to continue the case, and in rendering judgment against the defendant, William Bourton, Jr., without having obtained jurisdiction of him, the judgment must be reversed and the case remanded.

*Reversed and remanded.*