## Thomas McMurray v. Bertha Thede.

1. JURISDICTION—*Entry of Appearance—Appeals from Justices.*— When a defendant enters his appearance it does not matter whether there has been any summons in the case or not. The object of the summons is to bring the party into court, and when he appears the purpose of the service of summons has been accomplished.

2. SAME—*Appeals from Justices—Co-defendants.*—It is not necessary, in order to give the court jurisdiction over a co-defendant, on appeal from a justice, that his appearance should be entered ten days before the first day of the term. The appearance of the appellee is required to be so entered in order to permit the case to stand for trial at such term.

Attachment.—Appeal from the County Court of Cook County; the Hon. D. L. JONES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed January 16, 1900.

E. M. STANNARD, attorney for appellant.

OTIS WESNER, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court. Judgment was obtained by appellee before a justice of the peace against one Henry Thede and appellant, from which judgment the latter perfected an appeal to the County Court of Cook County, and during the November term filed his appeal bond, as required by statute. Subsequently, during the December term, appellee filed her written appearance in said cause, more than ten days before the first day of the next or January term. The other party, against whom, jointly with appellant, judgment had been rendered by the justice, did not join in the appeal, and it does not appear that he was summoned. He, however, entered his appearance in writing during the January term, but this does not appear to have been done until the day upon which the case came on for trial.

It is said that because said co-defendant does not appear to have been summoned or to have entered his appearance

ten days before the January term, the County Court had no jurisdiction to try the case as to him. The co-defendant himself is not complaining of the judgment to which he is a party.

Where, however, a defendant enters his appearance it does not matter whether there has been any process in the case or not. The object of the summons is to bring the party into court; and, when he appears, the purpose of the service of summons has been accomplished. Wasson v. Cone, 86 Ill. 46 (47). It was not necessary, in order to give the court jurisdiction over the co-defendant, that his appearance should have been entered ten days before the first day of the term. The appellee's appearance is required to be so entered in the County Court ten days before the first day of the term, in order to permit the case to stand for trial at that term, but not so with co-defendants of the party appealing. In Walter v. Bierman, 59 Ill. 186, cited by appellant's counsel, not only had no summons issued against the co-defendant, but it is expressly stated that his appearance had not been entered, and it was clear that the Circuit Court had no jurisdiction over him. So also in Bourton v. Rathbone, 23 Ill. App. 654.

It is said that the appearance of the co-defendant was entered without payment of the appearance fee, as required by statute, and that it was not therefore entitled to be entered. We can not consider the objection. There is an affidavit in the record, sworn to and filed nine days after the date of filing the appeal bond, which states that " at the time " of filing such appearance, the " said defendant " did not pay any appearance fee. This affidavit is apparently carefully worded not to deny that the appearance fee was actually paid. But it has no proper place in this record. There are abundant reasons why it can not be considered. It is enough to say that the objections urged here do not appear to have been raised in the trial court, and are not preserved by bill of exceptions.

A motion to dismiss the appeal is before us but will not require consideration. The judgment of the County Court will be affirmed.