Village of Germantown, Defendant in Error, v. Theodore Apke, Plaintiff in Error.

CRIMINAL LAW—*when insufficiency of complaint not material.* It is the duty of the court to which an appeal is taken from the judgment of a justice of the peace to hear and determine the ordinance violation charged according to the justice of the case without regard to the proceedings before the justice or the manner of the arrest, etc. It is sufficient if the justice had jurisdiction of the subject-matter.

Action commenced before justice of the peace. Error to the County Court of Clinton county; the Hon. JAMES ALLEN, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

D. D. HAYNIE, for plaintiff in error.

WILLIAM JOHNSTON and HUGH VINCENT MURRAY, for defendant in error.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Plaintiff in error was arraigned and tried before a justice of the peace for an alleged violation of an ordinance of the village of Germantown. He was found guilty and a fine was imposed. He prosecuted an appeal to the County Court and upon a trial *de novo* he was found guilty by a jury and his fine fixed at twenty-five dollars upon which judgment was rendered.

The ordinance introduced in evidence was as follows:

Section 2. "Whoever shall in this village disturb the peace of this village by violent, tumultuous, offensive conduct or carriage or by loud or unusual noise, by profane, obscene or offensive language calculated to provoke a breach of the peace, shall be deemed guilty of a misdemeanor."

The evidence in the case on the part of defendant in error showed that plaintiff in error somewhat under the influence of liquor, went into a saloon in the village where he used language calculated to provoke a breach of the peace by calling a person there a "damn liar" without provocation, and starting towards him with a knife in his hand. When the proprietor admonished him to keep quiet he was abusive toward him. It being ten o'clock at night the proprietor invited the several persons in the place, including the plaintiff in error, to get out. After going outside, plaintiff in error began to quarrel with an-

other person inviting him to fight. He then started away and in a loud voice asked anybody who had anything against him to "come out and fight." The village marshal hearing the disturbance came up and arrested plaintiff in error without a complaint or warrant and confined him in the village prison or calaboose until next day.

There was ample evidence to support the verdict that plaintiff in error disturbed the peace both in the saloon and on the street by offensive language and conduct calculated to provoke a breach of the peace, and was guilty of a violation of the ordinance.

Objection was made to the admissibility of the ordinance in evidence on the ground the complaint filed against plaintiff in error before the justice after his arrest, did not describe any offense contained in the ordinance.

The complaint does not charge any violation of the ordinance, but this was immaterial in this case. It was the duty of the court to hear and determine the matter according to the justice of the case without regard to the proceedings before the justice, or the manner of the arrest or who arrested plaintiff in error.

Sec. 185, Chap. 79, Hurd's Statutes, 1906, provides: "In the Appellate Court no exception shall be taken to the form or service of the summons issued by the justice of the peace nor to any proceedings before him; but the court shall hear and determine the same in a summary way according to the justice of the case without pleading in writing."

"If the justice has jurisdiction of the subject-matter this is the only requisite." City of Alton v. Kirsch et al., 68 Ill. 261.

Perceiving no error, the judgment will be affirmed.

*Affirmed.*