### Roy E. Phillips, Appellee, v. A. Stone et al., Appellants.

### Gen. No. 6,360.

1. JUSTICES OF THE PEACE, § 185*—*what is effect of appearance in Circuit Court on appeal.* The entry of appearance in the Circuit Court by one of two defendants on appeal by the other defendant, only, from a justice of the peace gives the Circuit Court complete jurisdiction over both defendants for all purposes of the litigation, although the first defendant has not been served with process, but has entered his appearance before the justice.

2. MECHANICS' LIENS, § 196*—*when evidence shows contract.* Evidence *held* sufficient to show a contract between one defendant as contractor and the other defendant as owner for the construction by the former of a certain silo, in a suit to establish a subcontractor's lien.

3. MECHANICS' LIENS, § 72*—*what is effect of default of contractor on right of subcontractor to lien.* A subcontractor is entitled to a lien, even though the original contractor by misconduct in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

carrying out his contract has devested or deprived himself of a right to obtain a lien.

4. Mechanics' liens, § 199*—*when instruction on what is not defense available against subcontractor is correct.* An instruction to the effect that if the evidence shows that the original contractor of the silo in question in a suit to establish a subcontractor's lien failed to construct the silo in the manner required by the contract but if the jury find from the evidence that the owner defendant waived such default on the contractor's part, then the defect so waived would not be a defense to the subcontractor's claim, *held* to be correct.

5. Instructions, § 137*—*when properly refused.* An instruction asked by a party which is inconsistent with one already asked by him and given is properly refused.

Appeal from the Circuit Court of Winnebago county; the Hon. Arthur H. Frost, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed August 7, 1917.

E. D. Reynolds, for appellants.

George P. Gallaher, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

This suit was brought by Roy E. Phillips, the appellee, before a justice of the peace, against A. Stone and J. B. Atwood, defendants in the suit, under section 28 of the Mechanics' Liens Law of 1903 (J. & A. ¶ 7166), to recover money claimed to be due for work performed by him for the defendant A. Stone, a contractor, with whom the appellant J. B. Atwood had made an agreement for the building of a concrete silo, on a farm owned by Atwood. The appellant J. B. Atwood was duly served with process, and the defendant Stone, though not served with process, entered his appearance in writing before the justice. The justice rendered a judgment against both defendants, from which an appeal was taken by Atwood to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the Circuit Court of Winnebago county, where a trial by jury was had, and a verdict returned against the defendants for $70, upon which the court entered judgment, and from this judgment an appeal is prosecuted by the appellant Atwood. After the appeal and before the trial, the defendant Stone again entered his appearance in the Circuit Court as joint defendant in the case. Appellant contends that the court had no jurisdiction of the defendant Stone, because he was not regularly served with process as provided by the statute; and that the original contract between the defendant A. Stone and appellant Atwood was not proven at the trial. It is also contended that contractor Stone was not entitled to a lien because he did not properly perform his contract in the building of the silo in question; and that the appellant was damaged by such improper construction; and that his damages amounted to more than the price fixed for the building of the silo; and that therefore the contractor had no legal right to a lien against the appellant as original contractor; and that the appellee as a subcontractor on that account is also barred from enforcing a lien as subcontractor. Concerning the first question raised by appellant, that the court had no jurisdiction of the contractor, A. Stone, we are of opinion that regardless of whether or not the justice of the peace could legally acquire jurisdiction of the defendant by the entry of his appearance in writing, there is no doubt about the jurisdiction of the Circuit Court for the purpose of a trial *de novo*. *Wasson v. Cone,* 86 Ill. 46; *Hohmann v. Eiterman,* 83 Ill. 92; *McMurray v. Thede,* 86 Ill. App. 555. The entry of appearance in writing filed by the defendant Stone in the Circuit Court, after the appeal, waived all defects that might have been urged concerning the jurisdiction of the justice. It was held in *Wasson v. Cone, supra,* that although a justice of the peace may fail to acquire jurisdiction of the person of the de-

fendant yet if the latter perfects an appeal to the Circuit Court this will give the latter court jurisdiction; and in the Circuit Court the defendant cannot then be heard to insist that the justice had no jurisdiction of the person.  And in the case of *Hohmann v. Eiterman, supra,* it was said: "There was no service on appellee, in the court below, and it is claimed that without such service or the entry of an appearance in writing  *  *  *  the court had no jurisdiction of the person of defendant.  *  *  *  Independent of statutory provisions, we have no doubt this was a full appearance and submission to the jurisdiction of the court by the plaintiff; and, having entered a full appearance, no possible reason is perceived why he should be served with process.  Its only office is to bring parties before the court who are not subject to its jurisdiction.  A voluntary appearance, then, dispenses with the necessity of process or service."  It is clear, therefore, that the defendant Stone, by entering his appearance in the Circuit Court after the appeal, submitted himself to the jurisdiction of the court for the purposes of a readjudication of the rights of the parties, and that the Circuit Court had complete jurisdiction of both defendants for all the purposes of the pending litigation.

Concerning the question of proof of contract, we think the evidence sufficiently shows that an arrangement was entered into between Atwood and Stone for the construction by Stone of the silo in question in June, 1913, by which arrangement Stone was to furnish the labor and material for such construction. The appellant's own proof shows the reasonable cost price for the construction of a silo of the size and character of the one in question at the time of its construction was in excess of $300.  Moreover, the case was tried by the parties on the assumption that an original contract existed between the parties; that Stone was the original contractor; and the defense

by appellant was made on the same assumption. In addition to this, appellant asked an instruction which was given by the court, which assumes and concedes, in effect, that an original contract existed between the parties. Appellant is not in position therefore to raise any question on appeal, as to the sufficiency of the proof of the original contract. Section 21 of the Mechanics' Liens Act of 1903 (J. & A. ¶ 7159) as in force at the time of the making of the contract for the construction of the silo in question, gave the appellee a lien for the labor for which he performed for the original contractor; and he had the right to sue the original contractor and owner and recover the amount due him therefor before a justice of the peace. The total amount claimed and recovered by the subcontractor must not exceed the contract price of the improvement. And the subcontractors are entitled to their liens, even though the original contractor by misconduct in carrying out his contract has devested or deprived himself of the right to obtain a lien. Hurd's Rev. St. 1911, ch. 82, sec. 35 (J. & A. ¶ 7159). The appellant himself proved the usual and customary price paid for the construction of a silo of the character and dimensions of the one in question, and the price so proved greatly exceeds the amount claimed by the appellee; and there is no proof that there are any other lien claims which would reduce the appellee's claim from the full amount due him to a pro rata amount. We are of opinion that the defense of improper construction by the contractor was not available to appellant, as against the rights of appellee, to a lien, and to recover for the labor performed by him as subcontractor. Under the statute as then in force, subcontractors are entitled to enforce liens regardless of the faults and delinquencies of the contractor in the performance of the original contract with the owner. While this feature of the Mechanics' Liens Statute of 1903 does not ap-

pear to have been construed by the courts of review in our own State, in other jurisdictions similar provisions in statutes concerning the liens of subcontractors have been held to have the legal effect indicated above. *Rieger v. Schulte & Eicher,* 151 Ky. 129; *Wisconsin Trust Co. v. Robinson & Cary Co.,* 68 Fed. 778; *Hydraulic Press Brick Co. v. Green,* 177 Mo. App. 308. We are of opinion, therefore, that the defense made by the appellant did not constitute a bar to appellee's right to recover.

Appellant also contends that instruction number 3 given for the appellee is erroneous. This instruction is to the effect that if the evidence shows that the contractor failed to construct the silo in the manner required by the contract, but the jury further find from the evidence that the appellant waived such default on the part of the contractor, then the defect so waived would not be a defense to the appellee's claim. This instruction is a substantially correct statement of the law concerning the point involved, and the court did not err in giving it. The refusal of the instruction marked 1, requested by the appellant, is also assigned as error. But the refusal was proper because the instruction was inconsistent with instruction number 2, which appellant requested and which was given, and which assumes that the defendant Stone was an original contractor, and that there was a contract between said Stone and the appellant for the construction of the silo in question. The judgment is affirmed.

*Affirmed.*