## THE BOARD OF SUPERVISORS OF KANE COUNTY

*v.*

## DELOS W. YOUNG, AND ABNER HARD.

1. JURISDICTION — *suits against a county.* The Court of Common Pleas of the city of Aurora, has no jurisdiction of a suit against the county of Kane, in which that city is situated ; the statute requires all actions against any county to be commenced in the *Circuit Court* of the county against which the action is brought.

Board of Supervisors of Kane County *v.* Young et al.

2. SAME — *Court of Common Pleas of Aurora.* The concurrent jurisdiction of the Court of Common Pleas of the city of Aurora, with the Circuit Court, is only co-extensive with the city limits of the city of Aurora.

3. PROCESS — *to what counties it may issue.* In suits brought in the Circuit Court against the county, the process of the court can in no case run beyond the limits of the county.

4. SAME — *service upon counties.* Where a county is sued, the statute provides that the process shall be served upon the clerk of the County Commissioners' Court, and the service upon the clerk should be at his office.

5. The statute provides that the service upon the clerk in such case, must be either during the sitting of the Commissioners' Court, or, so that a term of that court shall intervene between the service and return day of the writ ; and the same rule applies in counties where a board of supervisors has superceded the county courts. The court will take notice of the regular sittings of the board, but, in the absence of proof, will not presume that a special meeting was held, so as to make a service of process good.

WRIT OF ERROR to the Court of Common Pleas of the City of Aurora; the Hon. BENJAMIN F. PARKS, Judge, presiding.

This was an action of assumpsit instituted in the court below by Delos W. Young and Abner Hard, against the Board of Supervisors of Kane county, in which the city of Aurora is situated.

The summons was executed on the 29th day of November, 1859, by reading and delivering a copy to John Green, clerk of the board of supervisors. On the 12th of December, 1859, it being in term time, a rule was taken on the defendants to plead by the 1st of January, following.

At the March term, 1860, a default was entered for want of a plea, and an assessment of damages was had.

A motion in arrest of judgment was overruled, and judgment entered that the plaintiffs recover their damages and costs, and that the board of supervisors allow the same, and issue their order therefor.

The defendants below thereupon sued out this writ of error. It is assigned, that the court below erred in giving judgment, because the Court of Common Pleas had no jurisdiction; and also erred as to the form of the judgment.

Messrs. HERRINGTON, and DICKEY & WALLACE, for the plaintiffs in error, relied upon the following points and authorities:

1. The Court of Common Pleas of the city of Aurora had no jurisdiction of the cause. Rev. Stat. 132, Sec. 18. " All actions, local or transitory, against any county, may be commenced and prosecuted to final judgment and execution in the *Circuit Court* of the county against which the action is brought." *Randolph County* v. *Ralls*, 18 Ill. 29. Word *may* construed to mean *must*. See cases there cited.

2. The court had no jurisdiction because the process was sent beyond the city limits, and there served.

3. The Common Pleas had no authority to render judgment *quod recuperet* against the board, but *only* to order that the board allow the amount of damages and costs, and issue a warrant therefor. Rev. Stat. 133, Sec. 20.

Messrs. MONTONY & SEARLES, for the defendants in error.

By the first section (Special Laws, 1857, page 392), it is enacted that the court shall have *concurrent* jurisdiction, within the city of Aurora, with the Circuit Court, in all civil and criminal cases except treason and murder. Then to know whether the Common Pleas has jurisdiction in this case, it is only necessary to inquire, had the Circuit Court the power to try the cause; if so, then the Common Pleas had a *concurrent* right; with the proviso, however, that service of process was obtained in the city, or the cause of action arose, and the plaintiff resided therein.

At common law, courts are divided into superior and inferior courts, or courts of record, and those not of record. 3 Black. Com. 24; *Beaubien* v. *Brinckerhoff*, 2 Scam. 269; *Vance et al.* v. *Funk et al.*, 2 Scam. 26. The Court of Common Pleas, while limited, territorially, yet has, within its territorial limits *general jurisdiction* in all civil and criminal cases, except the instances of treason and murder. This court has a clerk and a seal, and its proceedings are according to

the practice in the common law courts and in the courts of equity.

Then why shall it not be classified with what are known at common law as superior courts? It has every distinguishing mark by which a superior court at common law is known from an inferior one. Then it is entitled to those intendments or presumptions that belong to superior courts, in stating its jurisdiction, which is, that nothing shall be intended to be out of the jurisdiction of a superior court, but that which specially appears to be so. This court will presume (it not appearing specially to the contrary, from the record) that the process was served on the county clerk in the city of Aurora, or that the cause of action arose in the city, and that the plaintiffs resided there, or indulge any other presumption which would have authorized the court below to obtain jurisdiction of the defendant below, unless the same are rebutted by what appears on the record. See *Beaubien* v. *Brincker-huff*, already cited, on page 274.

Mr. JUSTICE WALKER delivered the opinion of the Court.

The question which this record presents, is, whether, under the legislation of this State, the Common Pleas Court of the city of Aurora, has jurisdiction to try a cause, in which Kane County is the defendant. By the 18th section of the chapter entitled "Counties and County Courts," (Rev. Stat. 192), it is enacted, that "All actions, local and transitory, against any county may be commenced and prosecuted to final judgment and execution, in the Circuit Court of the county against which the action is brought." In the case of *Randolph County* v. *Ralls*, 18 Ill. 29, it is held, that this provision is imperative, and the suit *must* be brought in the Circuit Court of the county sued. The word *may*, in that section, is construed to mean *must*, in accordance with former decisions of this court, where statutes have used the word *may* in an imperative sense.

But even if the act creating the Court of Common Pleas, is sufficiently comprehensive, to embrace jurisdiction to try

a suit against the county, no express power is conferred, to serve its process beyond the limits of the city. The first section of the act creating this court, (Sess. Laws, 1857, p. 392), declares that there shall be established in the city of Aurora an inferior court, of civil and criminal jurisdiction. It is declared to be a court of record, with concurrent jurisdiction, within the city, with the Circuit Court, in all cases, except treason and murder. The fourth section provides, that process of the court shall be tested in the name of the clerk, and be issued and executed in the same manner as process from the Circuit Court of Kane county.

The concurrent jurisdiction of this court with the Circuit Court, is only co-extensive with the city limits. The process of the Circuit Court is confined to the county except in a few specified cases. And in suits against a county, it can in no case run beyond the limits of the county, to obtain service on the defendant. It would therefore appear to be clear, that the Common Pleas had no power to send its process against the county, beyond the city for service.

But it is contended, that the presumption will be indulged, for the purpose of sustaining the jurisdiction of the court, that the county clerk was served within the city. If this was conceded, would the service be in accordance with the requirements of the statute? The 18th section of the act already referred to, provides, that the summons shall be served, by leaving a copy with the clerk, either during the sitting of the Commissioners' Court, or so that a term of that court shall intervene between the service and the return day of the writ. And it requires ten days, between the service and return day of the writ.

The service is constructive upon the county. It is through the clerk that the county authorities receive notice of the pendency of the suit, and as he is required to keep his office at a designated place for the transaction of public business, it would seem, that this service should be made at his office. It is designed that all public business connected with the county shall be transacted at the office of the clerk, or where the board of supervisors hold their sessions. The

Board of Supervisors of Kane County *v.* Young et al.

service of a summons against the county is not an exception. It is there, that he performs his official duties, and his official acts bear date. It might occur, that the clerk in leaving the State, and passing through the city could be served, and he might absent himself for months, and the county receive no notice of the service on the clerk, in time to make defense. We think the service on the clerk should be made at his office.

But if this is not so, the law requires a term of the County Court, which is superseded by the Board of Supervisors, to intervene between the service and the trial. In this case the sheriff returns, that he served the summons on the 29th day of November, 1859, and on the 12th day of December, following, a rule was taken to plead. At the March term, 1860, of the court, a judgment by default was entered. Then it will be seen that a regular meeting of the board did not occur after the service and before the judgment. The law has only provided for one regular meeting of the board of supervisors in each year, and that is on the second Monday of September. (Scates' Comp. 337, Sec. 2.) The legislature, in regulating the service on the county, intended that the county authorities should have actual notice of the pendency of the suit, and intended that they should have it while in session for the transaction of business. Not being personally served, and the clerk not being required to notify them individually, the presumption would be, that they had no such notice as the law designed them to have. If a meeting fixed by law, had intervened, the presumption would be, that the board had notice. This record fails to show that there was a special meeting of the board after the service and before judgment, and we will not presume that there was. If there was no other error in the record, the judgment would be reversed for this.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*

NOTE BY REPORTER. See Act Feb. 20, 1861, (Sess. Acts, p. 236, Art. 13, Sec. 5,) as to service of process since the passage of that act, in suits against counties in which township organization has been adopted.