## Case No. 5,842.

### GROSS v. SIOUX COUNTY.

[2 Dill. 509.] [1]

Circuit Court, N. D. Iowa. 1873.

JURISDICTION—JUDGMENT—SERVICE OF PROCESS UPON A COUNTY CORPORATION.

1. A judgment rendered without jurisdiction over the person sued is void.

2. This rule, illustrated by the case of an action against the county, where the statute required service of process to be made upon the county judge, and the actual service was made upon the chairman of the board of supervisors: *Held*, that a judgment by default against the county without an appearance was void.

3. Whether service upon a county may be made by serving the proper officer when absent from and outside of the county, quaere?

This is an action at law upon a judgment alleged to have been rendered against the defendant in favor of one Lombard by the state district court for Dubuque county, Iowa. The petition is in the usual form, and, after proper averments of citizenship to give this court jurisdiction, alleges that on the 23d day of March, 1869, the district court of the state of Iowa for the county of Dubuque rendered a judgment in favor of Josiah L. Lombard against the county of Sioux for $21,164.22 and costs; that said judgment is in full force, and was, on the 3d day of August, 1871, duly assigned to the plaintiff, who in this action seeks to recover the amount thereof, with interest and costs. The answer sets up various defences, and the case is now before the court on demurrer to the fourth count of the answer. This count sets up, and the exemplified record of the judgment in Dubuque county, exhibited by the plaintiff, shows, that this judgment was rendered by that court by default and without any appearance by the county upon service of the original notice (which is the process for commencing suits in the state courts) made by a private individual outside of the county of Sioux and within the county of Polk, upon the chairman of the board of supervisors of the county of Sioux. The action in the Dubuque court was upon sundry county warrants, in the usual form, by which the treasurer of Sioux county is directed to pay to bearer the amounts therein specified. The original notice was in due form, and was returnable to the Dubuque district court on the 2d day of February, 1869. The return of service thereof is as follows: "State of Iowa, Dubuque county: Benjamin J. Sweet, upon oath, says that he served the within and foregoing notice upon the defendant by reading the same to Miner N. Reamer, who was then and there the chairman of the board of supervisors of said Sioux county, and by delivering to him, the said Reamer, at the same time and place, a true copy of said notice; that said service was so made at the city of Des Moines, in the county of

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Polk, and state of Iowa, on the 28th day of October, 1868, where the said Reamer was in attendance upon the circuit court of the United States; and I do further depose and say that I am personally cognizant of the fact that said Reamer was then and there chairman of the board of supervisors of said county, and as such was in attendance upon said court, in the interest of said Sioux county. Signed, Benjamin J. Sweet." This return was subscribed and sworn to by Sweet, and upon it and without any appearance by the county, the district court for Dubuque county rendered judgment against the county by default. The fourth count of the answer sets up that service was made as above, and claims that the court had no jurisdiction, and that its judgment (the basis of the present action) is void.

Grant & Smith, for plaintiff.

Joy & Wright, and Withrow, Gatch, & Wright, for defendant.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge. The plaintiff's assignor brought suit in Dubuque county against the county of Sioux upon its ordinary warrants, payable at its own treasury upon service of process made in Polk county upon the chairman of the board of supervisors of the defendant. The suit was brought in the wrong county, but if the service upon the defendant was sufficient and it did not move to change the venue to the proper county, the judgment would, under the statute of Iowa, be valid. Revision 1860, § 2802.

The only question now before the court is, had the Dubuque district court jurisdiction of the county? If it had, the fourth count of the answer is bad; if it had not, that count presents a good defence, and the demurrer thereto should be overruled. The law then in force respecting the mode of service upon a county was section 2824 of the Revision, which provides: "If a county is defendant, service (of the original notice) may be made on the county judge or clerk of the county court." This section was enacted when the county judge was the fiscal agent of the county and had the general management of its affairs. In 1860 the legislature abolished the system of managing the county affairs by a county judge, and adopted instead thereof the supervisor system. The board of supervisors, consisting of a member from each civil township of the county, transact the business of the county at regular or special meetings, and there were devolved upon the county board of supervisors the jurisdiction and powers of the county judges. Revision 1860, pp. 48–53.

There was no special act changing the mode of making service upon counties until 1870, when section 2824, supra, was amended thus: "If a county is defendant, service may be made on the chairman of the board

of supervisors or county auditor." Laws 1870, p. 209. But this enactment was after the rendition of the judgment now before us, and the question must be decided upon section 2824 as it originally stood. And upon reading the acts respecting the board of supervisors, we find no provision substituting the chairman of the board, who is simply its presiding officer, in the place of the county judge, or investing him with the powers or functions of that officer. If service of notice against the county could be made upon the supervisors at all, it must be made upon the board. Previous to the act of 1870, there was, so far as we can discover, no more authority to serve the chairman of the board than any other member of the board. Under these views, the court would have acquired no jurisdiction over the county had the chairman been served with notice within the county.

We are also inclined to the opinion that there was no authority of law to make service upon the chairman of the board when absent from his county. The statute contemplates that personal actions in the state courts shall be brought within the county where the defendant resides, and the official duties of the county officers are to be performed at home. Was it the intention of the legislature that the county judge or the county clerk, or, since 1870, the chairman of the board, or county auditor, could be served with process when away for business or pleasure, hundreds of miles from his official home, the place where he discharges his official duties and exercises his official powers? We doubt it; but it is unnecessary to place our judgment upon this ground or give any positive opinion upon it. See Board of Supervisors v. Young, 31 Ill. 194. Demurrer overruled.

See Lynde v. Winnebago Co., 16 Wall. [83 U. S.] 1872.