## Mary D. Kelly v. School Directors, etc.

1. EXCEPTIONS—*Motion to Dismiss Appeal for Want of a Bond.*— The action of the court upon a motion to dismiss an appeal from a justice of the peace for want of an appeal bond saves itself in the record. No exception is necessary.

2. APPEALS—*By School Districts Without Bond.*—A school district may appeal to the Circuit Court, from a judgment rendered against it by a justice of the peace, without giving an appeal bond.

3. STATUTES—*Repeal General and Particular Acts.*—A general enactment does not operate as a repeal of a special law on the same subject even though enacted at the same session of the legislature. So a

subsequent statute, which is general, does not abrogate a former statute which is particular.

4. SAME—*Construction of Repugnant Acts.*—When two acts are seemingly repugnant they should, if possible, be so construed that the latter may not operate as a repeal of the former by implication.

5. SAME—*The Act of 1879 Not Repealed by the Act of 1881.*—Section 62 of Chapter 79, R. S. (the justice's act of 1881), requiring an appeal bond from all parties, does not repeal the act of 1879 (Laws 1879, 232,) giving the right to school districts when suing or defending for the benefit of the public, to appeal without bond.

**Assumpsit,** for teacher's wages. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

T. F. DONOVAN and W. R. HUNTER, attorneys for appellant.

DANIEL H. PADDOCK and E. E. DAY, attorneys for appellees.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellant sued appellees before a justice of the peace to recover one month's salary as a school teacher, claiming to have been employed for eight months—the first two months at $32 per month, and the remaining six months to be $200. It is not claimed that she actually taught the month for which she now sues, having been discharged at the end of the first two months, as she insists, without cause. The cause was tried before the justice, and appellant recovered a judgment for $25. Defendants appealed to the Circuit Court without giving bond. A motion was made in that court to dismiss the appeal for want of such bond, which motion was overruled, and this is assigned for error. Appellees insist that even if the court erred in overruling the motion, appellant can not now avail of such error, because no exception was taken at the time to this action of the court. We think otherwise. This motion saves itself in the record, and we think no exception to the action

of the court in overruling it was necessary, in order to avail of it, if, in that regard, the court committed error. It is contended that because the justice act of 1881 (Chap. 79, Sec. 62, Revised Statutes), requires a bond from all parties in cases of appeal, it worked a repeal of the act of 1879 (Sess. Laws 1879, p. 232), under which the appellees claimed the right to appeal without bond. But we regard the act of 1879 as being one upon a particular subject, in which it is provided that " the State, counties  *  *  *  school districts  *  *  *  and all public officers, when suing or defending  *  *  *  for the benefit of the public, may, in all cases of appeal or writ of error by them from any inferior court to any higher court, prosecute the same without giving bond," etc.    This act is certainly broad enough in its terms to include an appeal by a school district from a judgment of a justice of the peace, and such an appeal would certainly be within the spirit of the law.    No reason is perceived why a school district should be required to give bond on appeal from a justice's judgment, when none would be required on appeal from the Circuit Court to the Appellate or Supreme Court.

The act of 1881 was general in its nature, and it contains nothing which indicates an intention to repeal the act of 1879.    It is a fundamental principle, that a general enactment does not operate as a repeal of a special law on the same subject, even though enacted at the same session.    So a subsequent statute, which is general, does not abrogate a former statute which is particular.    Village of Braceville v. Doherty, 30 Ill. App. 651.

When two acts are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal of the former by implication.    The Town of Ottawa v. County of La Salle, 12 Ill. 339-40.

Many other cases might be cited to the same effect, but there can be no doubt of the rule.    We hold that appellees had a right to appeal without giving bond, and that the court committed no error in overruling the motion to dismiss.    Upon the merits, the jury in the Circuit Court found

for appellees, and we think upon the facts the verdict was right. Appellant failed to prove by a preponderance of evidence that she was employed for a period of eight months, as claimed by her. The record she herself put in evidence, and which she ought not now be permitted to contradict, shows a definite and certain hiring for only two months. Appellees made their contract a matter of record, and, by its terms, if appellant was not satisfactory to the board at the end of two months, they had a right to decline any further service from her, and were under no obligation to employ her longer.

The clerk of the board, Dee Legg, was only authorized to make such contract as was agreed upon by the appellees at their meeting of June 30, 1894, that is, to employ her for two or three months, at $32 per month, and if at the end of two months, satisfaction was not given to the board, her services would be no longer required. The witness Legg swears that this is the contract he made with her, and in this he is corroborated by J. H. Peterson, county superintendent of schools. She commenced teaching September 17, 1894, and on November 14, 1894, the board had a meeting and expressed dissatisfaction with appellant and resolved to employ another teacher in her place. Appellees had a clear right under the contract to terminate the employment. We think, under the facts appearing in the evidence, the court committed no substantial error in giving or refusing instructions. There was no issue upon the question of competency, and any instructions based upon the assumption there was such an issue, or any instructions concerning religious prejudice, could only be misleading, and were properly re-refused. The judgment will be affirmed.