## Joe Nigh, Constable, etc., v. Lizzie O. Dovel.

1. VERDICTS—*When They Will Not Be Disturbed.*—Where there is evidence from which the jury could properly find their verdict, it will not be disturbed.

2. JURISDICTION—*Of Subject-Matter—Question of, May be Presented at Any Time.*—Want of jurisdiction of a subject-matter over which, under the law, a court has no jurisdiction, may be suggested to the court at any time and in any manner that will call the attention of the court

to such fact; or if it occurs to the mind of the court at any stage of the proceedings without a suggestion, it is the duty of the court, whether moved to do so or not, to at once dismiss the case.

3. SAME—*Of Subject-Matter—Where Justice Had None, Circuit Court Has None on Appeal.*—If the justice of the peace had no jurisdiction of the subject-matter to render the judgment appealed from, then the Circuit Court does not by the appeal acquire jurisdiction to try the case.

4. HUSBAND AND WIFE—*Husband May Act as Agent for his Wife.*— It has been repeatedly held that the wife may employ the husband as her agent.

Replevin.—Trial in the Circuit Court of Jasper County, on appeal from a justice of the peace. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the February term, 1899. Affirmed. Opinion filed September 5, 1899.

FITHIAN & KASSERMAN, attorneys for appellant.

FITHIAN, DAVIDSON & SHAMHART, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of replevin by appellee against appellant, commenced and prosecuted to judgment before a justice of the peace in Jasper county, from which judgment an appeal was taken to the Circuit Court, where trial was had by jury, resulting in a verdict and judgment in favor of appellee.

Appellant brings the case to this court, and his counsel state:

"We insist that this case should be reversed, because: First, the verdict is against the law and the weight of the evidence; second, the Circuit Court had no jurisdiction to try the case, and should have dismissed the suit on motion; third, the possession of the constable was not wrongful, and no demand was made and none proven before bringing the suit."

Appellee was the wife of one George B. Dovel; she owned in her own right 315 acres of farm land, on a part of which she resided with her husband and family, and she carried on farming operations and bought and fed and sold stock. A portion of the time her husband acted as her agent in the management of her business. Appellant was

a constable and had levied on and taken under execution against George B. Dovel the property in controversy, consisting of a number of head of cattle. These, appellee claimed, were her own separate property, and the testimony tends strongly to support her claim. In First National Bank v. Gatton, 71 Ill. App. 323, a case, in many of its features, much like the one before us, it is said:

" She owned valuable real estate and was solvent. She had a right, as to her separate property, to use the income from it in the support of the family; she had the right, and it was proper for her, to employ her husband as her agent to manage the business, and especially so as the business necessarily involved the employment of some one for that purpose."

And in Bennett et al. v. Stout et al., 98 Ill. 47, it is said:

" Where the wife may own property of this character, she, from the necessity of the case, must have it cultivated, kept in repair, the grain harvested, stored and sold, and, as it is not deemed proper by the community that she should do so in person, it involves the necessity of employing an agent, and it has been repeatedly held that the wife may employ the husband for that purpose. In fact, owing to their relations, where she regards him as competent for the place, who could be more proper? In fact, when living together on the farm of the wife, the harmony of the family would seem to require that a stranger should not be given its entire control, excluding the husband from all management of the farm, its stock and affairs."

We are of opinion the verdict in this case is not against the law, and that the evidence tends to support it. As to the weight of the evidence, that was for the jury. Where there is evidence from which the jury could properly find their verdict, it will not be disturbed. Toledo, Wabash & Western Ry. Co. v. Moore, 77 Ill. 217.

Concerning the question of jurisdiction, counsel for appellee contend that inasmuch as the motion to dismiss for want of jurisdiction made in the Circuit Court, and the ruling thereon, are not preserved in the bill of exceptions, and as that question was not presented to the Circuit Court in the motion for new trial, it is not now before this court for review. This position is not well taken. The want of

Nigh v. Dovel.

jurisdiction urged in this case was not jurisdiction of the parties but jurisdiction of the subject-matter. Want of jurisdiction of a subject-matter over which, under the law, a court has no jurisdiction, may be suggested to the court at any time and in any manner that will call the attention of the court to such fact, or if it occurs to the mind of the court at any stage of the proceedings even without suggestion, then it is the duty of the court, whether moved to do so or not, to at once dismiss the case. It is true, as contended by counsel for appellant, that if the justice of the peace had no jurisdiction of the subject-matter to render the judgment appealed from, then the Circuit Court did not by the appeal acquire jurisdiction to try the case. The Circuit Court, on appeal, could have no greater jurisdiction of the subject-matter in that particular case than had the justice of the peace from whose judgment the appeal was taken. The question is, did the justice of the peace at the time he rendered judgment, have, under the law, jurisdiction over the subject-matter to render the judgment which he did render. The property mentioned in the replevin writ was fifteen head of young cattle, the value of which was stated in the affidavit for the writ to be $250. The transcript from the docket of the justice shows that the case was tried in that court by a jury; that after the trial was entered upon and before the case was submitted to the jury appellant released from his levy nine head of cattle; in effect, he disclaimed as to that number of the cattle in controversy and surrendered them to appellee without trial or judgment as to them. The transcript further shows that after such release and disclaimer, without objection from either party, the trial progressed to verdict and judgment as to the remaining six head of cattle. The evidence shows that these six head were worth $125. While it is true, a justice of the peace does not have jurisdiction, under the law, over the subject-matter in a replevin suit where the value of the property exceeds $200, and while it is true that the parties can not by consent confer upon a court jurisdiction of a subject-matter over which, under the law, such

court has no jurisdiction, it is also true that a justice of the peace does have jurisdiction under the law over the subject-matter in a replevin suit where the value of the property does not exceed $200, and that parties can by consent confer jurisdiction upon a court in all cases where, under the law, such court has jurisdiction over the subject-matter. The suit that was commenced was for fifteen head of cattle, worth $250. Over this subject-matter the justice under the law did not have jurisdiction. The suit that by consent of the parties was submitted to the jury for its verdict, and to the justice for his judgment, was a suit for six head of cattle, worth $125. Over this subject-matter the justice, under the law, did have jurisdiction. We are of opinion the Circuit Court did not err in denying appellant's motion to dismiss the suit for want of jurisdiction.

The evidence fails to show that appellee made any demand for the cattle before commencing her suit, and counsel for appellant contend that is fatal to her case. They say, the possession of the constable was not wrongful, and therefore a demand should have been made. The law is: Where an officer levies an execution on property in possession of a defendant in an execution, as the property of such defendant, then the officer's possession is not wrongful, and if another claims the goods he should make demand, but if the goods are in the possession of the party claiming them when he levies on them, the officer's possession is wrongful and no demand is necessary. The inference clearly deducible from all the evidence in this record is, that the cattle were in appellee's possession at the time they were levied on and taken, and there is no evidence that they were at that time in possession of the defendant named in the execution. We find no material error in this record.

The judgment of the Circuit Court is affirmed.