**Charles C. Wetzel, Plaintiff in Error, v. County of Hancock, Defendant in Error.**

1. APPEALS AND ERRORS—*of whom bond not required.* Counties, cities, towns, etc., by virtue of statute may appeal or sue out a writ of error without the giving of bond.

2. COUNTIES—*what courts have jurisdiction of.* Only the Circuit Court and courts of general jurisdiction have jurisdiction of actions local or transitory instituted against counties.

3. JURISDICTION—*when appearance does not confer.* An appearance does not confer jurisdiction upon a court with respect to an action the subject-matter of which is not within its jurisdictional cognizance.

Action commenced before justice of the peace. Error to the Circuit Court of Hancock county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907. Rehearing denied, opinion modified May 20, 1908.

JOHN D. MILLER and WILLIAM H. HARTZELL, for plaintiff in error.

GEORGE V. HELFRICH, for defendant in error.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Plaintiff in error brought suit against defendant in

error before a justice of the peace in Hancock county, to recover for services alleged to have been performed by plaintiff in error for the defendant in error. Summons was served upon the county board and on return day George V. Helfrich, the state's attorney for said county, appeared on behalf of the county. Upon a trial of the cause before the justice of the peace and after all the evidence upon the part of plaintiff in error had been heard, the defendant in error, by its attorney, entered a motion to dismiss the case for want of jurisdiction upon the part of the justice of the peace. This motion the court overruled and rendered judgment in favor of plaintiff in error in the sum of $141 and costs. An appeal was prayed by defendant in error to the Circuit Court of said county, which was allowed without bond.

In the Circuit Court plaintiff in error made a motion to dismiss the appeal for want of an appeal bond, and defendant in error renewed its motion made before the justice of the peace to dismiss the suit for want of jurisdiction. The trial court denied the former motion and allowed the latter and dismissed the suit for want of jurisdiction of subject-matter. Exception was taken to the action of the court and the case brought to this court upon a writ of error.

Plaintiff in error first contends that the appeal was improperly allowed from the justice of the peace because of the fact that defendant in error gave no appeal bond.

Counties, towns and other municipal corporations are, under section 72 of chapter 110 of the Revised Statutes, relieved from the necessity of giving any bond whatever upon an appeal. That section in substance provides that in all cases counties, cities, towns, etc., may appeal or sue out a writ of error from any inferior to any higher court without giving bond. The appeal involved was clearly within the spirit and meaning of that section. Kelly v. School Directors, 66 Ill. App. 134.

Plaintiff in error next contends that the justice of the peace had jurisdiction of the subject-matter involved and that the trial court erred in dismissing the suit. Section 31 of chapter 34 of the Revised Statutes provides that: "All actions, local or transitory, against any county may be commenced and prosecuted to final judgment in the Circuit Court or any court of general jurisdiction in the county against which the action is brought." The word "may" in this section has been held by our Supreme Court to mean "must." Randolph County v. Ralls, 18 Ill. 29.

In Supervisors of Kane County v. Young, 31 Ill. 194, it was held that the Court of Common Pleas of the city of Aurora had no jurisdiction of a suit against the county of Kane as the statute required all actions against any county to be commenced in the Circuit Court.

Said section 31 above quoted, is not in our judgment modified by section 10 of article two of chapter 79 relating to justices and constables. The word "county" is not employed in such section 10, and the term "other municipal corporations," as there employed in connection with cities, towns and villages, does not have reference to counties and does not confer upon justices of the peace jurisdiction in suits by or against counties.

Since, under said section 31 above quoted, all suits against counties must be brought in the Circuit Court or a court of general jurisdiction in the county, it follows as a matter of course that a justice of the peace has no jurisdiction of the subject-matter in a suit in which a county is a defendant, and as the justice of the peace in the case at bar had no jurisdiction of the subject-matter it could not be given him by an appearance of the defendant, nor even by its consent. Leigh v. Mason, 1 Scam. 249; Beesman v. City of Peoria, 16 Ill. 488; Williams v. Blankenship, 12 Ill. 121; Highway Commissioners v. Smith, 217 Ill. 260.

In Peak v. The People, 71 Ill. 278, the court say that

"consent of the parties cannot confer jurisdiction upon a court in which the law has not vested it."

The justice of the peace had no jurisdiction of the subject-matter and the Circuit Court could, upon an appeal, acquire no jurisdiction to try the case. Dodge v. The People, 113 Ill. 496; Nigh v. Dovel, 84 Ill. App. 228.

Plaintiff in error cites many cases in support of his contention that an appearance by appellee can be held to give the court jurisdiction, but an examination of those cases shows that the jurisdiction there discussed was a jurisdiction of the person and not a jurisdiction of the subject-matter.

Where a court has jurisdiction of the subject-matter a party may confer jurisdiction of his person by an entry of appearance, but when the court has no power to hear and determine the subject-matter involved, the question of jurisdiction is not waived by an appearance, but may be suggested at any time and in any manner that properly calls the attention of the court to that fact. Nigh v. Dovel, 84 Ill. App. 228; Town of Audubon v. Hand, 223 Ill. 367.

The action of the trial court in dismissing the suit was proper and the judgment is accordingly affirmed.

*Affirmed.*