HARRIET M. KATES

*vs.*

JACOB THOMAS, Impleaded, &c.

In replevin before a justice of the peace, judgment should be entered *in the alternative* in the cases provided for by *Section* 88, *page* 433, *General Statutes.*

In such cases the district court, on appeal upon questions of law alone, is authorized to modify a judgment rendered for the *value* of the property replevied, so as to make it a judgment in the *alternative.*

This action was commenced before a justice of the peace in Scott county, to replevy certain personal property, alleged to be in the possession of the defendant Thomas. It was alleged that James C. Kates, who was the husband of the plaintiff, claimed the property as belonging to him, and he was made defendant also. By virtue of the writ issued, the property was taken and delivered to the plaintiff. The defendant Thomas answered, alleging that the property was the property of his co-defendant Kates, and justified the taking of the property by him as sheriff, by virtue of an execution against such co-defendant. The defendant Kates answered claiming to be the owner of the property, and that it was exempt from levy. The cause was tried before a jury. The only exception taken during the progress of the trial was one taken by the plaintiff to the ruling of the justice admitting in evidence the execution under which the sheriff justified. The jury returned a verdict " that the defendant Jacob Thomas, sheriff, is entitled to the possession

Kates v. Thomas, Impleaded, &c.

of the property described in the complaint in this action, and assess the value thereof at $28." Upon the verdict the justice rendered judgment against the plaintiff in favor defendant Thomas for $28, and costs. The plaintiff and defendant Kates took separate appeals to the district court for that county upon questions of law alone. The district court reversed the judgment as to all the parties. The defendant Thomas appeals to this court.

HENRY HINES for Appellant.

L. M. BROWN for Respondent.

*By the Court*—BERRY, J.—The plaintiff brought an action of replevin before a justice of the peace against the defendant and one J. C. Kates, alleging in her complaint that the appellant Thomas was in possession of the property claimed, and that J. C. Kates claimed the same as belonging to himself, for which reason he was made a co-defendant. By virtue of the writ of replevin the property was taken and delivered to the plaintiff, as appears by the coroner's return. The jury found that Thomas was entitled to the possession of the property replevied, and assessed its value at $28. The justice thereupon rendered judgment against the plaintiff and in favor of Thomas for the sum of twenty-eight dollars and costs. The plaintiff, and the defendant J. C. Kates, took separate appeals to the district court upon questions of law alone. The district court reversed the judgment as to all the parties, and from the judgment of reversal Thomas alone appeals to this court, and his co-defendant makes no appearance here. The reasons for the reversal do not appear, but it is said by the plaintiff that

the justice's judgment was properly reversed, because it was for the value of the property, instead of for the return of the property, *or* its value. *Sec.* 88, *p.* 433, *Gen. Stat*, provides that in cases of this kind the defendant " may have judgment for the return of the property, or the value thereof, if the same has been taken from his possession, or delivered to the plaintiff." The plaintiff insists that the judgment should have been in the alternative ; that it was her right to have the judgment in such form as would permit her to return the property. The statute is ambiguous, but we think this is its proper construction. If this is not the true construction, then the defendant is obliged to make an election, and to take judgment for a return, or judgment for value, and he cannot take judgment in the alternative ; and as there will be cases in which it will be impossible for him to determine at the time of taking judgment which form of judgment will best secure his rights, the statute should be so interpreted, as it certainly may be in this case, as to permit him to take his relief in the most beneficial and effectual form ; that is to say, in the alternative. This construction of the statute is also in harmony with a provision on the subject of actions for the recovery of personal property found in *sec.* 249, *p.* 485, *Gen. Stat.* See also *Glenn vs. Younglove,* 27 *Barb.*, 484 ; *Dwight vs. Enos,* 5 *Selden.* 472 ; *Fitzhugh vs. Wyman, Ib.,* 559.

We think, however, as urged by the appellant, that the district court should have modified and corrected the judgment of the justice, instead of reversing it. The appeal was upon questions of law alone, and in such cases the appeal is to " be tried in the district court upon the return of the justice." *Sec.* 107, *p.* 435, *Gen. Stat., as amended, p.* 135, *Laws* 1868. The statute does not say that the judgment appealed from shall be reversed, affirmed or modified,

but that the appeal shall be *tried*. It is to be heard and examined upon the return of the justice, and is of course to be determined in some way, and as there is nothing in the statute to prevent, we see no reason why it should not be determined so as to administer complete justice, where the facts of the return will permit.

Here, so far as the point which we have considered is concerned, the only cause of complaint is the *form* of the judgment, a judgment rendered upon the verdict of a jury, and which could be properly rendered in one form only; we can conceive of no reason why the district court should not be allowed to modify and correct it so as to make it right, and administer justice final and complete.

We are therefore of opinion that the district court erred in reversing the judgment of the justice. It should have been modified and corrected so as to read in the alternative, as above suggested.

As to the point made in regard to the admission of the execution, we are unable to see how its admission could have prejudiced the plaintiff. So far as appears in the paper book, the co-defendant J. C. Kates was the only person who could have been affected by it, and he made no objection, and took no exception to its admission. The judgment of the district court is reversed, and the case remanded for judgment in accordance with the views herein expressed.