RICHARD C. THORNTON *vs.* RICHARD LEAVITT, Appellant.

*Jurisdiction—when acquired by voluntary appearance.*

When a defendant appears and files an account in set-off, in an action pending in an inferior court which has jurisdiction of the subject-matter, that court acquires jurisdiction of the person and the cause.

ON EXCEPTIONS.

ASSUMPSIT upon a promissory note, brought originally in the municipal court of Saco, in which city the plaintiff resided, the defendant living in Scarborough, in Cumberland county. At the return day of the writ, the fourth Tuesday of August, 1871, it was entered in that court, and the defendant appeared and answered thereto, and filed an account in set-off; it was thence continued from term to term, until the second Tuesday of October, 1871, when the defendant moved its dismissal, for lack of jurisdiction in the court over the person of the defendant. The motion was denied, and he appealed to this court, where it was renewed and again overruled, and the defendant excepted.

By Private Laws of 1869, c. 205, incorporating the municipal court of the city of Saco, that tribunal has jurisdiction, concurrently with the supreme judicial court, over personal actions, in cases where the title to realty is not brought in question, where the damages demanded do not exceed one hundred dollars, and the defendant is a resident of York county, if a citizen of this State.

Wakefield v. B. & M. R. R.

*Edward Eastman*, for the defendant.

Municipal courts are of limited jurisdiction, and are strictly con fined to the powers and cases delegated to them by the acts by which they are created, and nothing is inferred in their favor.

This court not having authority over a citizen of Cumberland county, its want of jurisdiction, being apparent upon inspection of the writ, need not be pleaded in abatement, but could be taken at any time. *Bailey* v. *Smith*, 12 Maine, 196; *Tibbetts* v. *Shaw*, 19 Maine, 204; *Maine Bank* v. *Hervey*, 21 Maine, 38. There is no rule of the municipal court, fixing any time for filing motions and pleas in abatement, and it is not affected by the rules of the supreme judicial court upon this subject. Actions brought in the wrong county shall be abated. R. S., c. 81, § 9.

*H. Fairfield*, for the plaintiff.

DANFORTH, J. By Private and Special Laws of 1869, c. 205, the municipal court of the city of Saco had jurisdiction over the subject matter of this suit.

The general appearance of the defendant, and filing an account in set-off, gave that court jurisdiction of the person. Hence, the motion to dismiss was made too late. *Brown* v. *Webber*, 6 Cush., 560.                                                     *Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.