PETER ANDERSON *vs.* JOHN A. HANSON.

November 11, 1881.

**Justice of Peace—Action Pending on Retirement from Office.**—An action pending before a justice of the peace, at the time of his retirement from the office, is not transferred by operation of law to his successor, so as to invest the latter with jurisdiction therein.

**Same—Jurisdiction by Consent—Rahilly v. Lane overruled.**—Jurisdiction of the person may be conferred by consent, although no summons has been issued to bring the defendant before the court. An action having been commenced in justice court by summons, and the justice's term of office expiring before the return-day, the parties appeared on the return-day before the successor of the former justice, and made complaint and answer (the latter unverified) as in a civil action. Defendant moved an adjournment, which was granted. On the adjourned day, the parties again appeared, and plaintiff expressly waived verification of the answer, after which, for the first time, defendant objected to the jurisdiction of the justice. *Held,* that he had already conferred jurisdiction by consent, and the objection was too late; overruling *Rahilly* v. *Lane,* 15 Minn. 447.

**Same—Costs.**—It was error in the latter action to tax costs incurred in the action before the former justice.

Appeal by defendant from a judgment of the district court for Polk county, *Stearns,* J., presiding, affirming a judgment of a justice court.

*Halvor Steenerson,* for appellant, cited *Rahilly* v. *Lane,* 15 Minn. 447.

*Reynolds & Watts,* for respondent.

DICKINSON, J. An action was commenced by this plaintiff against this defendant before one Sheppard, a justice of the peace. The summons issued and served was returnable April 20th. Before the return-day the justice had gone out of office, by reason of the expiration of his term, and had, as required by statute, delivered his docket to his successor, one Leo, who had been elected in his stead, and had entered upon the discharge of the duties of the office. On the return-day named in such summons, both parties appeared before Jus-

tice Leo, and plaintiff filed a verified complaint in writing, entitled, "In justice court, before John Leo, Esq.," in which, after alleging a cause of action against the defendant within the statutory jurisdiction of justices of the peace, judgment was formally demanded. To this complaint the defendant made answer orally, without verification, and then moved the justice for an adjournment of the cause to April 27th, which motion was granted. On such adjourned day both parties again appeared before the same justice, and the plaintiff formally waived a verification of the answer. Then the defendant for the first time objected to the jurisdiction of the justice, and moved a dismissal of the action. The motion being denied, the cause was again adjourned, upon application of the defendant, and was then tried by the justice with a jury, the answer having been in the mean time amended and verified. Judgment was rendered against the defendant. In taxing costs against the defendant, the justice included the sum of $4.10 as costs in the action incurred before justice Sheppard. The defendant appealed to the district court upon questions of law alone. The judgment of the justice was affirmed, and this appeal is taken from the judgment of affirmance.

Only two questions are involved: *First,* had the justice jurisdiction in the cause; and, *second,* was it error to tax costs incurred before the justice who issued the summons. The summons of Justice Sheppard did not subject the defendant to the jurisdiction of Justice Leo, nor give the latter justice any right to entertain or proceed in the action. Neither the command of the summons, nor any law, required the defendant to appear before any other magistrate than the one who issued the process. In the absence of a statute effecting such a result, an action pending before a justice of the peace upon his retirement from office is not transferred to another justice. The jurisdiction of Sheppard was at an end when he ceased to be a justice, and Leo could not have acquired jurisdiction by virtue of the proceedings had before the former justice. That action was no longer *lis pendens* when the parties appeared before the new justice on the 20th of April. Nor can the appearance of the parties before Justice Leo, and the proceedings then had, have had the effect to continue and keep alive, or to have revived, the former action. So far as they relate to the

subject of jurisdiction, such proceedings must be regarded as original in their character, and the question is, whether, by such proceedings, jurisdiction in this action was conferred upon the justice? ·

The statute provides: "Actions may be instituted before a justice of the peace, either by the voluntary appearance and agreement of the parties, or by the usual process." Gen. St. 1878, c. 65, § 10. It was obviously the object of the statute to enable the parties to a controversy, of which a justice might by the ordinary process of his court acquire jurisdiction, to dispense with the delay and expense incident to jurisdictional proceedings, and, by mere consent and summarily, to submit the matter for adjudication. This statute is scarcely more than embodiment, in the written law, of a principle which has generally been recognized as applicable without the aid of such a statute. Since the object of a summons is only to bring the party defendant into court, and since the same object is accomplished when he appears voluntarily without process, and submits himself to its jurisdiction, (Wasson v. Cone, 86 Ill. 46,) or when, the process or its service being irregular, he appears and makes no objection to the irregularity, it follows that when the subject-matter is one within the jurisdiction of the court, jurisdiction over the person may be conferred by consent; and it would seem to be settled ·by the great preponderance of authority, and to be consistent with legal reason, that such consent may be not only express, but may be implied from a voluntary appearance and participation in the proceedings before the court, without objection seasonably made. One may not thus voluntarily invoke the jurisdiction of a court, or seek the benefits of its exercise, and afterwards be heard to object that the court had not the right to adjudicate as to him. Wells on Jurisdiction of Courts, § 86; Lamberton v. Raymond, 22 Minn. 129; McCormick v. Pa. Cent. R. Co., 49 N. Y. 303, 309; Wasson v. Cone, 86 Ill. 46; Thornton v. Leavitt, 63 Me. 384; Brown v. Webber, 6 Cush. 560, 563; Fee v. Big Sand Iron Co., 13 Ohio St. 563; Aurora Fire Ins. Co. v. Johnson, 46 Ind. 315; Grand Rapids, etc., R. Co. v. Gray, 38 Mich. 461; Carpenter v. Shephardson, 43 Wis. 406.

In the case under consideration, it is considered that the consent or agreement, which was necessary to give jurisdiction, is to be im-

plied from the facts that, while there was no summons or process requiring an appearance before this justice, the parties did voluntarily and without objection appear before him and interplead, thus invoking his judgment in the matter in issue; that they took an adjournment, such as usual in justice's court before proceeding to trial, and this upon the motion of the defendant; that they again appeared on the adjourned day, when the further step was taken of a waiver by the plaintiff of verification of the answer. In this the defendant recognized the right of the justice to proceed in the matter, and, without objection, sought, by the ordinary proceedings at that stage of an action, to secure a result in the cause favorable to himself. He thereby yielded himself to the jurisdiction of the court. Jurisdiction having been once conferred, it could not be withdrawn at the will of the defendant, and his subsequent objections were unavailing. It may, perhaps, be inferred, from the fact that the parties appeared before the justice at the time designated in the summons of Justice Sheppard for the appearance before him, and from the nature of the objections afterwards made by the defendant, that it was supposed that this justice had lawful jurisdiction by virtue of the summons issued by the former justice. But no such inference can, upon this appeal, affect the result of the steps taken in the cause before objection was made. No compulsion was upon the defendant to appear or take part in the proceedings, and the reasons by which he was moved so to do are not open to our investigation. There appears no command, compulsion, request or suggestion calling for such appearance, and his acts in the premises must be deemed voluntary.

We are not unaware that in this decision we are making a departure from a former decision of this court, (*Rahilly* v. *Lane,* 15 Minn. 447;) but although we would not inconsiderately disturb a decision once made, yet, satisfied as we are that, so far as that case is not in harmony with the views here expressed, it is not consistent with legal reason, nor with the great weight of authority, and that it has hitherto been a source of serious embarrassment to the courts and the legal profession, we are compelled to overrule that case, so far as it is at variance with this decision, rather than, following only the rule of *stare decisis,* determine this and other causes which may come

before us upon grounds which do not satisfy our own minds. This does not wrong the defendant, for his conduct in the premises cannot have been regulated or affected by the decision in *Rahilly* v. *Lane.*

But since the proceedings before Justice Leo were not a continuation of the action commenced before Justice Sheppard, and as such former action had abated, the costs in that action ought not to have been taxed in this. Yet as the error may be corrected by a modification of the judgment, (*Kates* v. *Thomas,* 14 Minn. 460; Gen. St. 1878, c. 86, § 5,) it will not be necessary to reverse the judgment appealed from, altogether.

The judgment of the district court will be modified by deducting the item of $4.10 costs incurred in the action before Justice Sheppard, and as so modified it is affirmed. The cause will be remanded to the district court of Polk county, with directions to proceed accordingly.