O. L. LUNDBERG *vs.* NORTHWESTERN ELEVATOR COMPANY.

November 18, 1889.

**Chattel Mortgage, where to be Filed.**— Under Gen. St. 1878, c. 39, §§ 1–3, where a mortgagor of chattels resides in one town and the property mortgaged is situated in another, the mortgage must, as to subsequent *bona fide* purchasers, be duly filed in both towns.

**Time Note given for Book-Account.—Suspension of Remedy—Consideration.**—Where by the mutual agreement of debtor and creditor, a book-account is put into a note, payable at a future day, the transaction is *prima facie* evidence that the remedy upon the debt is thereby suspended until the maturity of the note, and the extension of credit is a new and adequate consideration for the note and a mortgage given to secure it.

**Declarations of Witness in Pais—Effect as Evidence.**—Testimony tending to show that a witness not a party to the suit has made extrajudicial admissions to a third person in opposition to his evidence as a witness on the stand is competent for impeachment, but is not to be treated as affirmative proof in the case of the truth of the statements involved in such alleged admissions.

**Warehouse—Demand on Agent in Charge.**—An agent lawfully in charge of the business of a warehouse in which goods, the title to which is in dispute, are deposited is the proper party upon whom to make demand for the delivery thereof by the person claiming title thereto.

**Note and Mortgage—Enforcement—Parties.**—One to whom a note and accompanying mortgage are given may enforce the same in his own name, though a third person has an interest in the debt.

Action brought in the district court for Grant county for the conversion of 1,447 bushels of wheat, raised on the farm of one Thoms, and claimed by plaintiff under a chattel mortgage of the growing

crop. Defence, title in one Deering, under an earlier chattel mort-
gage from Thoms, and that Deering deposited the wheat with defend-
ant, who holds it as his bailee. At the trial before *C. L. Brown*, J.,
the plaintiff had a verdict for $821.60. Defendant appeals from an
order refusing a new trial.

*Spooner & Spooner*, for appellant.

*H. F. Woodard*, for respondent.

VANDERBURGH, J. The controversy arises over the title and right
to the possession of a quantity of wheat, of which the defendant is
the bailee. The wheat was raised by one Thoms, on land belonging
to him situated in the town of St. Olaf, in the county of Otter Tail,
but whose place of residence was at the village of Ashby, in the
county of Grant, at the time of the execution of the mortgages in
question here. Thoms, being indebted to William Deering, did, in
the month of February, 1887, execute to him a chattel mortgage to
secure the same, upon the crop of wheat to be sown, grown, and
raised upon the land referred to in the year 1887, which mortgage
was duly filed in the office of the town-clerk of St. Olaf, but a copy
of which was never filed with the proper officer in the village of
Ashby. Subsequently, on the 25th day of April, 1887, Thoms exe-
cuted to plaintiff a chattel mortgage upon the same crop. The crop
was raised, and the plaintiff claims the prior right thereto, under his
mortgage, on the ground that he took the same in good faith, and
without notice, actual or constructive, of the mortgage first named.

1. Gen. St. *c.* 39, § 2, (as amended by Laws 1883, *c.* 38,) provides
that such instrument shall be filed in the town, city, or village where
the property mortgaged is situated at the time of the execution of
the mortgage, and also requires a copy thereof to be filed where the
mortgagor resides. The defendant contends that it was enough in
this instance that the mortgage was filed in St. Olaf, and that, under
the language of section 1, it is sufficient if the mortgage or a copy is
filed in either place. This is obviously too narrow a construction.
The purpose of the statute, sections 1, 2, and 3 being considered to-
gether, is for the better protection of innocent purchasers or subse-
quent mortgagees in good faith, by requiring the mortgage and a copy
to be filed as provided. The plaintiff, who also resided at Ashby,

was not bound to search in both places, and the record in St. Olaf was not alone constructive notice to him.

2. The mortgage to plaintiff was given to secure a note made to him by Thoms for the sum of $1,043, payable October 1, 1887. The consideration therefor was an account for lumber previously furnished by plaintiff to Thoms, used in buildings upon his premises, for which plaintiff was then entitled to a lien; and the evidence tends to show that the mortgage security was intended to be substituted for that of the lien, and that the latter was relinquished in consideration of the execution of the new security; but we think that fact is not so clear upon the testimony as to warrant the court in taking that question from the jury. The evidence is, however, sufficient to make a clear *prima facie* case upon the question of plaintiff's good faith. The plaintiff's testimony is that he had no notice of the prior mortgage, and the defendant does not show any, while the evidence of the mortgagor shows that he did not disclose the fact to plaintiff, for which a sufficient motive appears in the desire of the former to substitute a new security, and to procure an extension of credit for the debt, which was in the form of a book-account, and which, in pursuance of the mutual agreement of the parties, was adjusted and put into the note in question. In the absence of any evidence to the contrary, this transaction is *prima facie* evidence that the remedy upon the debt was thereby suspended until the maturity of the note, and this extension of credit was a new and adequate consideration for the same and the mortgage in question. Leake, Cont. § 890; 2 Daniel, Neg. Inst. §§ 1312, 1329; *Myers* v. *Wells*, 5 Hill, 463; *Place* v. *McIlvain*, 38 N. Y. 96, (97 Am. Dec. 777,) 1 Daly, 266, 271; *Maier* v. *Canavan*, 8 Daly, 272; *Hubbard* v. *Gurney*, 64 N. Y. 457, 466; *Paine* v. *Voorhees*, 26 Wis. 522, 530, 531; 2 Chit. Cont. 1134; Whart. Cont. § 954; *Baker* v. *Walker*, 14 Mees. & W. 465.

3. Testimony offered for the purposes of impeachment, tending to show that Thoms had admitted, contrary to his testimony in court, that he had informed plaintiff of the existence of the Deering mortgage, was not competent evidence of the fact of such notice, and did not tend to prove it.

4. The demand of the possession of the wheat in controversy before suit brought was properly made by plaintiff or his attorney upon the agent in charge of the elevator, and with whom the arrangement for its deposit therein was made.

5. The defendant also objects to any recovery by plaintiff in this action, on the ground that, as it claims, the evidence shows that the lumber for the price of which the note was given was furnished by a partnership of which plaintiff was a member, and not by him exclusively, and that others are therefore jointly interested with him in the account; and it therefore insists that this action cannot be maintained by plaintiff individually. But this objection is not tenable. The note was made payable to the plaintiff, and he is in express terms authorized to enforce the mortgage. He may therefore do so, and he will hold the amount received subject to account to the partnership, if they have any claim on it. *Cremer* v. *Wimmer*, 40 Minn. 511, (42 N. W. Rep. 467;) Pom. Rem. § 141; Bliss, Code Pl. § 58 *et seq.*

As the value of the wheat is admitted in the answer, the verdict for that amount was warranted.

Order affirmed.