WILLIAM B. LARSON and Another v. O. O. DUKLETH.

December 2, 1898.

Nos. 11,376—(142).

**Justice of the Peace—Change of Venue—Trial at Another Time and Place than Specified.**

In transferring an action to another justice, a justice of the peace should make an entry in his docket stating the name of the justice to whom the case is transferred, and the time and place when and where the parties are to appear before him; and if the justice to whom the case is transferred, in the absence and without the consent of one of the parties, tries the case at some other place, the judgment is void as to such party.

From a judgment of the district court for Norman county, entered pursuant to the order of Ives, J., affirming a judgment of a justice of the peace in favor of plaintiffs, defendant appealed. Reversed.

*N. T. Moen* and *W. W. Calkins,* for appellant.

A justice's docket cannot be altered after it is made up and signed. Weaver v. Lammon, 62 Mich. 366; Kluck v. Murphy, 115 Mich. 128; Sloss v. Bailey, 104 Iowa, 696. The jurisdiction of Justice Holm must be shown by the transfer. Barnes v. Holton, 14 Minn. 275 (357); Miller v. Meeker, 54 Neb. 452; Rahilly v. Lane, 15 Minn. 360 (447); McGinty v. Warner, 17 Minn. 23 (41). The proper entry on the justice's docket of the adjournment was jurisdictional. Roberts v. Warren, 3 Wis. 646; Brown v. Kellogg, 17 Wis. 490; Witt v. Henge, 58 Wis. 244; Waldron v. Palmer, 104 Mich. 556; Johnson v. Hagberg, 48 Minn. 221; Wardlow v. Besser, 3 Minn. 223 (317); Anderson v. Southern Minn. R. Co., 21 Minn. 30. The talk had after the proceedings were closed was not sufficient to change the docket entry or bind defendant. Kimball v. Mack, 10 Wend. 497; Weeks v. Lyon, 18 Barb. 530; Bonney v. Paul, 15 N. Y. Supp. 442. The present case is to be distinguished from Simon v. Sempliner, 86 Mich. 136. See also Bogert v. Miller, 16 Pa. Co. Ct. 592; Skinner v. Morrow, 4 Pa. Dist. 701.

*A. O. Ueland,* for respondents.

The failure of a justice to record the place of adjournment is not ground for reversal, where the person against whom judgment was subsequently rendered was present when the adjournment was had. Whepley v. Nash, 46 Mich. 25. See also Hitchcock v. McKinster, 21 Neb. 148. An adjournment may be valid even where no place is mentioned in the record. See Whepley v. Nash, supra.

MITCHELL, J.

This action was commenced before one Semling, a justice of the peace in and for the village of Halstad, in the county of Norman. The defendant filed an affidavit for a transfer of the action to another justice. Semling thereupon made and entered in his docket an order,

"That a change of venue be taken to O. B. Holm," "justice of the peace in and for Norman county; residing in the township of Halstad, said county and state, at the residence of said justice, at 1 o'clock p. m., on Wednesday, December 8th, 1897. Defendant paid to me the costs so far incurred in this action."

This is the last entry in Justice Semling's docket. A transcript of his docket entries and all papers pertaining to the action were transmitted by Semling to Holm.

The village of Halstad and the township of Halstad were separate election districts, and the residence of Holm was in the latter, and not in the former.

The docket entries of Holm show that on December 8, at 2 p. m. in the village of Halstad (but at what particular place therein does not appear), the case was called, and the plaintiffs appeared, but the defendant did not; and thereupon, after the plaintiffs introduced their evidence, the justice rendered judgment in their favor and against the defendant, for the sum of $75 and costs. From this judgment, defendant appealed to the district court, on questions of law alone.

This is all that is at all material on this appeal which the docket entries of either or both justices show. Holm, however, incorporates into his return to the district court a certificate to the effect that on December 8, while he was absent from his residence, and

in the village of Halstad, trying this action, one Flikkie, who had not previously appeared in the case, came to his residence, in the township of Halstad, at the time mentioned in Semling's docket entry, and left what purported to be a written notice on behalf of the defendant to dismiss the action, on the ground that the justice (Holm) had no jurisdiction to try it; that he (Holm) received this paper when he returned home, and therefore included it in the files of the case transmitted by him to the district court. We fail to see that this certificate is at all material either way.

Upon the hearing in the district court, the plaintiff produced a "certificate" from Semling, the substance of which is to the effect that while his docket entry transferring the case to Holm, and fixing the time and place when and where the parties should appear before him, was made with the consent of both parties, yet there was a talk between them that the case should be tried in the village of Halstad, provided Holm was willing, and that he (Semling), when he took the papers in the case to Holm, procured his consent to try the case in the village (no particular place being fixed) on December 8, at 1 o'clock p. m., and so informed the defendant on his return, who thereupon sent a telegram to his attorney, at Ada, to the effect that the case was to be tried before Holm, in the village of Halstad, on December 8, at 1 p. m. This certificate was also wholly immaterial and incompetent. The records or docket entries of the justices must govern, and cannot be changed or altered by any such volunteer and unofficial statements.

The docket entry of Semling was that the action was transferred to Holm at his residence, in the township of Halstad, on December 8, at 1 p. m. That was the time and place for the parties to appear, and the justice had no authority to try the case at any other time or place.

Had defendant appeared and voluntarily taken part on the trial of the case before Holm, in the village of Halstad, he would have waived the point, and then the case would have been analogous in principle to Anderson v. Hanson, 28 Minn. 400, 10 N. W. 429, cited by plaintiffs' counsel. This he did not do, but the plaintiffs and the justice seem to have proceeded on some previous loose talk

or verbal understanding inconsistent with the docket entry of Semling.

Some things in the record tend to show that the defendant or his attorney took a somewhat technical advantage, as they doubtless had the legal right to do, of the irregular and loose practice of the plaintiffs and the justice, and, to use the language ascribed to the trial judge, "if the defendant and his attorney had looked for the lawsuit, they could have found it."

For this reason, as well as the fact that the case was set down for oral argument, contrary to rule 15 of this court, no statutory costs will be allowed to the prevailing party.

The judgment of the district court is reversed, and the cause remanded to the court below, with directions to set aside the judgment of the justice.