STATE ex rel. CHARLES FAUGHNAN v. ANTON MIESEN.[1]

December 15, 1905.

Nos. 14,554—(84).

**Death of Justice of the Peace.**

> A criminal prosecution, pending and undetermined before a justice of the peace at the time of his death, terminates and ends upon the death of the justice, and is not a bar to further action on the same charge before another justice or court of competent jurisdiction.

Appeal by relator from an order of the district court for Ramsey county, Kelly, J., vacating a writ of habeas corpus and remanding relator to the custody of respondent, as sheriff of that county. Affirmed.

*S. J. Donnelly* and *F. W. Zollman,* for appellant.

*James C. Michael* and *Emil W. Helmes,* for respondent.

BROWN, J.

The facts disclosed by the record are that relator is in the custody of respondent, as sheriff of Ramsey county, under a commitment issued out of and under the seal of the municipal court of the city of St. Paul. He was so committed in default of bail in a prosecution against him charging a violation of the statutes of the state prohibiting the sale of intoxicating liquor without a license. Claiming that his imprisonment was unlawful, relator sued out a writ of habeas corpus before the district court of Ramsey county, where, after a hearing, the writ was discharged, and he appealed to this court.

It appears that on October 15, 1904, a complaint charging relator with the offense above mentioned was made before Lorenzo Hoyt, a justice of the peace of Ramsey county, who issued a warrant for his arrest; that thereafter the proceedings were transferred, on a change of venue, to William Gould, another justice of the peace of Ramsey county; that after the transfer had been made Justice Gould died, and no hearing was ever had before him under the complaint and warrant so issued. After Gould's death, and in February, 1905, complaint was made and filed in the municipal court of St. Paul charging relator

[1] Reported in 105 N. W. 555.

with the identical offense charged in the complaint before Justice Hoyt, upon which he was arrested, and, for want of bail, committed to the. county jail pending the hearing and determination of the case.

It is contended in relator's behalf that, inasmuch as the proceedings commenced before Justice Hoyt and transferred on change of venue to Justice Gould have never been heard or determined, they are still pending, and the municipal court had no jurisdiction to entertain a second prosecution. There is no merit to this contention. Justice Gould having died, the prosecution lapsed, and was in no sense pending at the time complaint was filed in the municipal court. Anderson v. Hanson, 28 Minn. 400, 10 N. W. 429. The law controlling the question is tersely stated by the learned court below in the following language: "A court of justice of the peace is of limited jurisdiction. The justice has no powers, except as granted by statute. Our statutes make no provision for the disposal of causes which are undetermined and pending before a justice when he dies. Under such conditions the cause dies with the justice.

Order affirmed.