## SECURITY NATIONAL BANK OF MINNEAPOLIS v. J. E. PULVER.[1]

December 24, 1915.

Nos. 19,431—(80).

**Bills and notes — evidence excluded.**

1. In this action to recover on promissory notes payable on demand, evidence of a contemporaneous oral agreement, by which demand for payment was not to be made until certain collateral had been exhausted, was properly excluded.

**Consideration for new promise — reasonable time.**

2. An extension of the time of payment of a matured indebtedness, or a forbearance to sue to enforce it, is a sufficient consideration for a new obligation of the debtor. The time of the extension is not material, if a definite time is agreed on, or a reasonable time, and, where no time is mentioned, a reasonable time will be implied. Where the promise to extend for an indefinite time is followed by delay for a reasonable time to enforce payment, it is a good consideration.

**Verdict sustained by evidence.**

3. The evidence was sufficient to support a verdict finding that there was no want or failure of consideration for the notes sued on.

Action in the district court for Hennepin county to recover $6,922.45 upon two promissory notes. The case was tried before Jelley, J., and a jury which returned a verdict for the amount demanded. The substance of the defense set up in the answer is stated in the second paragraph of the opinion. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Reed and Swift,* for appellant.
*Van Fossen and Garrigues,* for respondent.

BUNN, J.

This action was to recover on two demand promissory notes, one dated May 27, 1913, for $3,749, the other dated August 6, 1913, for $3,990.70,

1 Reported in 155 N. W. 641.

both executed by defendant to plaintiff. The answer admitted the giving of the notes; that plaintiff was the lawful owner and holder thereof; that certain payments had been made thereon, and inferentially that the notes had not been paid. The evidence showed without dispute the following facts surrounding the giving of the two notes:

Defendant was vice-president and superintendent of the Segerstrom Piano Company, and had discounted with the plaintiff notes given to the piano company by its customers; defendant indorsed each note so discounted. At the time the first note in suit was given by defendant, there was a large amount of this paper held by the bank, all of which was past due, and on all of which defendant was liable as indorser. Defendant was called into the bank, and, after some talk with its officers, gave a demand note for $3,749, substantially the amount of his liability as indorser on the past-due paper, which was thereafter held by the bank as collateral security for the note given by defendant. On August 6, 1913, there was a similar transaction, the second demand note was given by defendant, and the past-due paper which it covered was noted upon it as collateral. As additional collateral to the two notes defendant put up two notes of the piano company, payable to and indorsed by him, each for $5,000.

This action was brought in June, 1914. The complaint credited defendant with certain payments on the collateral notes made since the notes sued on were given, and asked judgment for the balance with interest. The answer attempted to set up the defense of an oral agreement made at the time the notes were given, to the effect that defendant was not to be held liable on the notes until the collateral notes were exhausted. The trial court sustained plaintiff's objection to the reception of evidence to sustain this defense, but submitted to the jury the defense of want of consideration. The verdict was for plaintiff in the full amount demanded. A motion for judgment notwithstanding the verdict or for a new trial was denied, and defendant appeals.

1. The first contention of defendant is that the court erred in refusing to admit evidence of the oral agreement pleaded. This agreement, as pleaded, was that it was agreed at the time the notes were given "that demand would not be made upon said notes and the same would not become effective until all collateral thereon was exhausted." The claim

is that this makes a case under the doctrine of "conditional delivery" as illustrated in Westman v. Krumweide, 30 Minn. 313, 314, 15 N. W. 255, and subsequent cases. The essence of that doctrine, as has been frequently pointed out, is that the proposed evidence tends to show that no contract was ever made, that its obligation never commenced. It is clear that evidence to support the pleading in the case at bar could have no such tendency. It woud tend to prove a condition subsequent, as distinguished from a condition precedent; it would plainly tend to contradict the unambiguous terms of the contract, the direct import and legal effect of which was to make defendant liable on the notes on demand. There is no "conditional delivery" in the case, but merely an effort, under the guise of that doctrine, which has not been and is not to be extended, to evade the salutary rule which forbids evidence of a prior or contemporaneous oral agreement to contradict, vary or add to the terms of a written contract. Harrison v. Morrison, 39 Minn. 319, 40 N. W. 66; McCormick Harvesting-Machine Co. v. Wilson, 39 Minn. 467, 40 N. W. 571; Graham v. Savage, 110 Minn. 510, 126 N. W. 394, 136 Am. St. 527, 19 Ann. Cas. 1022; Samuel H. Chute Co. v. Latta, 123 Minn. 69, 142 N. W. 1048. Cases like Shove v. Martine, 85 Minn. 29, 88 N. W. 254, 412, and Germania Bank of Minneapolis v. Osborne, 81 Minn. 272, 83 N. W. 1084, relied on by defendant, are clearly distinguishable. The ruling of the trial court was right. Of course this is not saying that defendant might not prove want or failure of consideration, and evidence to this end was not excluded.

2. The defense of want of consideration was submitted to the jury. Defendant complains of an ·instruction stating that, if defendant made the notes in controversy to extend his payment of the Segerstrom notes for *any time*, that would be a good consideration, and that the *extent of the time of extension would not be material.*

That an extension of the time of payment of a matured indebtedness, or a forbearance to sue to enforce it, is a sufficient consideration for a new obligation is beyond question. Lundberg v. Northwestern Ele. Co. 42 Minn. 37, 43 N. W. 685; Nichols & Shepard Co. v. Dedrick, 61 Minn. 513, 63 N. W. 1110; Peterson v. Russell, 62 Minn. 220, 64 N. W. 555; 29 L.R.A. 612, 54 Am. St. 634; Minneapolis Land Co. v. McMillan, 79 Minn. 287, 82 N. W. 591; First State Bank of Le Sueur v.

Sibley County Bank, 96 Minn. 456, 105 N. W. 485, 489. And the instruction of the trial court was correct as an abstract proposition. The time of the extension is not material, so long as a definite time is agreed upon. In one case the extension of time for a day was held a consideration. Whelan v. Swain, 132 Cal. 389, 64 Pac. 560. It is generally held that there must be either a promise to extend for a definite time, or for a reasonable time, and that, if no time is mentioned, a reasonable time will be implied. And where the promise is to extend payment for an indefinite time, if it is followed by a delay for a reasonable time to enforce payment, it is a good consideration. 1 Page, Contracts, § 288, and cases cited. 7 Cyc. 721, and cases cited. Traders Nat. Bank v. Parker, 130 N. Y. 415, 29 N. E. 1094; Howe v. Taggart, 133 Mass. 284. These authorities dispose of the claim of error in the court's instructions, and are also important on the next point to be considered, the question of the sufficiency of the evidence to support the verdict.

3. The notes upon which suit was brought imported a consideration, and the burden of proof was upon defendant to show either no consideration or a failure of consideration. The answer pleaded no consideration. The evidence of defendant made it quite clear that there was a promise, express or implied, to forbear an attempt to collect from defendant on his liability as indorser of the past-due paper. Whether that liability was released upon the giving of the notes in suit, is left in some doubt by the evidence, and is not, in our opinion, decisive. It is plain that plaintiff agreed not to immediately press defendant on his liability as indorser, and in fact it never has done so, and did not bring suit on these demand notes until a year after they were given. That this evidence sustains a finding that there was a good consideration for the notes in suit, under the authorities previously cited, is clear. Indeed the defense really relied upon and submitted to the jury was a *failure* of consideration, the claim of defendant being that plaintiff did not keep its alleged agreement not to enforce payment of the notes until the collateral had been exhausted. What the agreement was in this respect was a question for the jury; the testimony of defendant was disputed by the officer of the plaintiff with whom the arrangement, according to defendant, was made. The question was fairly submitted to the jury by

the trial court, and the verdict has enough support to oblige us to sustain it.

Order affirmed.  ————————————