## J. G. WALCHAK v. UNITED STATES INSTALLMENT REALTY COMPANY.[1]

June 2, 1922.

No. 22,807.

**Breach of timber contract.**

Action for breach of contract to sell standing timber—Defense that consideration for contract was the execution of an option contract to buy other land and option contract had not been executed—At end of trial motion was granted to strike out the option contract and all evidence relative to it—*Held* evidence stricken did not tend to prove defense and defendant breached the timber contract before it tendered delivery of the option contract. [Reporter.]

Action in the district court for Hennepin county to recover $1,425 for breach of contract to cut and remove timber. The case was tried before Waite, J., who made findings and ordered judgment in favor of plaintiff for $1,050. Defendant's motion for amended findings was denied. From

[1]Reported in 188 N. W. 319.

an order denying its motion for a new trial, defendant appealed. Affirmed.

*George T. Simpson* and *John F. Dahl,* for appellant.

*R. E. Plankerton* and *C. B. Elliott,* for respondent.

PER CURIAM.

On October 10, 1919, defendant executed and delivered to plaintiff a contract whereby it sold all timber upon a section of land in Pine county, this state, except that upon the northwest quarter thereof, for $150, to be paid on or before the first of July following. Plaintiff also signed the contract. He bound himself to cut the timber, pay the price stated and perform certain other matters in connection with the removal of the timber. On the same day the parties signed another writing therein termed an option. Thereby defendant gave to plaintiff the option to purchase the northwest quarter of the section for $4,000. In the instrument defendant acknowledges the receipt of $50 in consideration of which and of the agreements of plaintiff therein contained it gives and grants unto plaintiff "the option and right to purchase" the land. Plaintiff therein agreed to pay defendant "at its office in Minneapolis, Minnesota, $4,000.00 in manner and at times following, to-wit: The sum of $50.00 on the delivery of this option contract," and the balance at stated times, the first being $450 on May 1, 1920. It provides that if any default in any of its terms is made by plaintiff the option shall become void. The first contract will be referred to as the timber contract and the last as the option contract.

The option contract was not delivered to plaintiff as he did not pay the $50 therein receipted for, but it was understood that defendant was to send it to a bank at Ironton, Minnesota, where plaintiff might make the payment and delivery be made. Through some error of defendant the option contract was mailed to a bank at Arlington, Minnesota. Plaintiff, in the meantime, called several times at the bank at Ironton, but did not pay the $50 or receive the instrument, for it had not arrived. There is evidence that within two weeks or a month it came to the bank, but notice of that fact did not reach plaintiff. At any rate, neither party has put the other in default upon this option contract. In the early spring of 1920, when plaintiff was ready to enter and cut the timber under the timber contract, he found another party cutting to whom defendant had sold after the sale to plaintiff. This action for damages resulted.

Defendant, as a defense, attempted to plead that the two contracts constituted one transaction, the one being a consideration for the other, and that, since plaintiff had not taken up the option contract, the timber contract sued on had not taken effect. The defense was not well pleaded, but an amendment to the answer was allowed and all evidence offered by defendant was received. When the parties rested, the court, on plaintiff's motion, struck out the option contract and all testimony relative thereto.

Findings were made giving plaintiff substantial damages. The appeal is from the motion denying a new trial.

The evidence offered as a defense was properly stricken. The timber contract was delivered to plaintiff with no statement that it should not take effect at once. It is an unconditional sale of the timber with a present right of entry to cut. It contains no reference to the option contract. There was testimony that defendant told plaintiff that it would not sell the timber for the price of $150, unless it could also sell the quarter section of land mentioned. But this is far from sufficient to prove that a definite contract evidencing a present sale was not to take effect or become operative as a contract until plaintiff paid the $50 receipted for in the option contract and accepted delivery of the latter. A conditional delivery may be shown under the rule of Westman v. Krumweide, 30 Minn. 313, 15 N. W. 255, followed in a number of cases since. But the rule is not to be extended. Minneapolis T. M. Co. v. Davis, 40 Minn. 110, 41 N. W. 1026, 3 L. R. A. 792, 12 Am. Rep. 701; Security Nat. Bank of Minneapolis v. Pulver, 131 Minn. 454, 155 N. W. 641. Nor is it to be applied, unless there is testimony of a definite agreement postponing the effect of the contract delivered until some condition not referred to therein is complied with, or until the happening of some future contingent event. The evidence stricken out did not, in our opinion, tend to prove any such agreement or understanding.

Again, on the theory that the one contract was a consideration for the other and because plaintiff failed to take up the option contract the consideration for the contract in suit failed, the evidence stricken did not make out a defense. In the first place, adequate consideration is found in the agreements contained in the timber contract and, in the second place, defendant breached that contract before it tendered delivery of the option contract or demanded payment thereunder.

The order is affirmed.