**SUNSET PLAZA, INC., Plaintiff,**

v.

**The OHIO NATIONAL LIFE INSUR-ANCE COMPANY, Defendant.**

No. 4–61–Civ.–50.

United States District Court
D. Minnesota,
Fourth Division.

Nov. 2, 1962.

Armin M. Johnson, Faegre & Benson, Minneapolis, Minn., for plaintiff.

Wells J. Wright and William R. Rosengren, Wright & West, Minneapolis, Minn., for defendant.

DEVITT, Chief Judge.

This is an action for the recovery of $11,000, plus interest, paid by the plaintiff, Sunset Plaza, Inc., to the defendant, The Ohio National Life Insurance Company. That sum was paid as a condition of the acceptance of a mortgage commitment of $550,000 tendered by the defendant to the plaintiff on March 24, 1960, and accepted by the plaintiff on April 11, 1960. The commitment fee was to be refunded "if and when this loan is closed." The loan was never closed. Plaintiff seeks the return of the commitment fee on the theory that no valid contract was executed between the parties.

The requisite diversity of citizenship and jurisdictional amount are present.

Plaintiff sought mortgage financing for a shopping center to be constructed at Sioux City, Iowa. The aid of the Eberhardt Company, a Minneapolis real estate and mortgage company, was enlisted and it was the Eberhardt Company which first suggested the defendant as a possible mortgagee. The Eberhardt Company acted as a "middleman" as the terms and conditions of the loan were negotiated. On March 24, 1960, defendant submitted a mortgage commitment proposal to the plaintiff. It provided for a specific assignment of certain leases and a minimum amount of annual rent attributable to each lessee. Among the lessees enumerated was the F. W. Woolworth Co., and the amount stated in the commitment as the minimum annual rent for Woolworth was $18,600. It is the dispute regarding this lease which resulted in the abortion of the loan agreement.

On March 29, 1960, plaintiff wrote the Eberhardt Company regarding defendant's commitment letter of March 24, 1960. The purpose of this letter was to clarify some claimed discrepancies. In

regard to the Woolworth lease, **the letter** read:

"The Woolworth lease is at $17,400.-00 per year minimum, not $18,600.00. We have never claimed more than $17,400.00. I believe this mistake by Ohio comes because the Woolworth lease includes an extra $1,200.-00 per year * * * to reimburse the landlord for certain fixtures and equipment which the landlord will provide and install for Woolworth. * * * In this case we have already planned to allocate the extra $1,200.00 per year to amortize, over 20 years, the requested $15,000.00 Woolworth fixture contribution. The lease, in so far as the mortgage is concerned, carries a guaranteed minimum of $17,400.00 per year."

On March 30, 1960, defendant wrote to Eberhardt in response to plaintiff's letter of March 29, 1960, as follows:

"[The] comments concerning the Woolworth lease can be changed to $17,400.00 if he so desires, but the lease will be assigned and in the event of default be exercised against any monies forthcoming from the lease. So long as there is no default existing, there is no need to worry whether the lease pays $17,400.00 or or $18,600.00."

On April 11, 1960, plaintiff, by its President, signed the commitment letter of March 24, 1960 with the provision stating that the Woolworth lease amounted to $18,600.00. Plaintiff's President stated that at the time he signed the commitment in the offices of the Eberhardt Company he intended to condition the acceptance of the commitment upon the terms set forth in his letter of March 29, 1960. In addition, he handed to the Eberhardt Company a letter dated April 8, 1960, which stated:

"We also understand that the terms of the commitment will be corrected and clarified on the points which were set forth in our letter to you of March 29, 1960."

The President's testimony in regard to the simultaneous execution of the commitment and the handing of the April 8, 1960, letter to the officers of the Eberhardt Company is not contradicted, although the officers of the Eberhardt Company stated that they did not recall the details of the April 11, 1960, meeting.

The sole issue to be determined in this case is whether the April 11, 1960 acceptance of the commitment proposal was conditional or unconditional. Defendant contends that the contract signed on April 11, 1960 constituted the complete written contract, and that it may not be varied, altered, or changed in any respect by the proof of parol evidence of alleged terms and conditions supposedly made prior to or contemporaneous with the making of the contract. Plaintiff contends that the evidence regarding the disputed amount of the Woolworth lease is properly admissible, notwithstanding the parol evidence rule, to show that no contract was ever consummated because of the failure of the parties to agree as to the terms thereof.

■ It is a general rule that the terms of a written contract cannot be contradicted, altered, added to, or varied by evidence of a prior or contemporaneous oral agreement. See, e. g., Karger v. Wangerin, 230 Minn. 110, 40 N.W.2d 846 (1950). There is, however, an exception to the general exclusionary rule. This is commonly referred to as the "conditional delivery" doctrine by which parol evidence is admissible to show that an instrument was executed or delivered to take effect only on the happening of a contingency. See, e. g., Minar Rodelius Co. v. Lysen, 202 Minn. 149, 277 N.W. 523 (1938); Security Nat'l Bank v. Pulver, 131 Minn. 454, 155 N.W. 641 (1915).

■ It appears here that no contract was ever consummated between the parties. The evidence shows that prior to April 11, 1960, a dispute had arisen regarding the amount of the Woolworth lease. Plaintiff clearly showed its intention to limit the amount of that lease to $17,400. This was done prior to, and contemporaneously with, the signing of the commitment. The evidence concern-

ing the April 11, 1960 meeting between the plaintiff's President and the Eberhardt officers justifies the finding that at that time it was the intention of the plaintiff that its earlier request for a reduction of the stated amount of the Woolworth rent would be incorporated into the contract. This was at variance with defendant's intention. The preponderance of the admissible evidence demonstrates that no contract was executed between the parties. The plaintiff is entitled to the return of its $11,000 payment plus interest.

The Court has signed and filed Findings as submitted by plaintiff.