## Arthur Robley v. J. J. Culwell.

1. STATUTORY PENALTIES—*Debt the Appropriate Action.*—Debt is the appropriate action for the recovery of a penalty provided by statute.

2. CHATTEL MORTGAGES—*Sale Under, Act of 1895.*—The purpose of the act of June 21, 1895, is to secure to the mortgagor, whose property has been sold under a chattel mortgage, full information as to the sale, the amount received for each article, and the expenses of the sale, etc.

3. SAME—*When the Act of 1895 Does Not Apply.*—When the validity of a sale under a chattel mortgage is denied, and the mortgagor held to account as a trespasser, the act of June 21, 1895, relating to sales under chattel mortgages, does not apply.

Trespass.—Appeal from the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 4, 1896.

### STATEMENT OF THE CASE.

Appellant, under the claim he was authorized so to do by the provisions of a chattel mortgage, executed to him by appellee, seized and sold the mortgaged property.

Appellee denied that default had been made in the conditions of the mortgage or that the contingencies had occurred which, under its provisions, authorized seizure and sale of the property, and brought trespass to recover the damages for the alleged wrongful seizure and sale of the property.

The verdict of the jury was for appellee in the sum of $450.

Appellant moved for a new trial and assigned as one of

Robley v. Culwell.

the grounds of the motion the giving of the following instruction in behalf of appellee :

" 1.   If you find that said property embraced in said chattel mortgage was improperly and unlawfully taken and sold on the 13th day of July, 1895; and if you find from the evidence that the mortgagee did not make out a statement showing the items of property sold, the names of each purchaser, and the amount for which each article sold, and also an itemized statement of the necessary reasonable expenses incurred in taking, keeping and selling said property, and did not deliver the same to the mortgagor, in person or by mail; and if you find that the said Arthur Robley, the mortgagee, failed within ten days after said sale to make out said statement above mentioned and deliver the same to the mortgagor, in person or by mail, then you are instructed that the said mortgagor, the plaintiff in this action, is entitled to recover one-third of the value of the property so sold from the defendant; and under this state of facts, it makes no difference whether any of the causes enumerated in the chattel mortgage for foreclosing the same existed or not at the time the same was foreclosed and sold."

It was conceded the averments of the declaration were insufficient to warrant the recovery of the statutory penalty imposed under this instruction, and leave was granted appellee to add an additional count to the declaration, which was done.   Thereupon the court overruled the motion for a new trial and entered judgment upon the verdict.

The count so added to the declaration charged that the appellant with force and arms seized the property as mortgagee, sold it but did not deliver to the appellee, the mortgagor, a statement of the articles of property so sold, the purchasers thereof, the expenses of the sale, as required by the provisions of Sec. 2 of the act of the General Assembly approved June 21, 1895, entitled, An act to  *   *   * regulate the sale of property under chattel mortgages. Myers' R. S. 1895, Chap. 5, Sec. 24.

J. B. NULTON, attorney for appellant.

HENRY T. RAINEY, attorney for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Debt is the appropriate action for the recovery of a penalty provided by statute.

Here the action was trespass, and a count in debt for the penalty could not properly be added.

The purpose of this act of 1895, here sought to be invoked, was to secure to the mortgagor, whose property has been sold under a chattel mortgage, full information as to the sale, the amount received for each article, and the expenses of the sale, etc.

It presupposes a legal sale, and its design is to secure to the mortgagor the full benefit of such a sale by investing him with a knowledge of the facts in detail.

Here the validity of the sale was denied, and the sale was overthrown and the mortgagee held to account as a trespasser.

Hence the statute in question had no application. It was error to give the instruction set forth in the statement of the case, and the amendment to the declaration should not have been allowed.

The judgment is reversed and the cause remanded.