## THE VILLAGE OF HAMMOND

*v.*

### HARRY W. LEAVITT *et al.*

*Opinion filed October 19, 1899.*

1. PUBLIC IMPROVEMENTS—*ordinance passed without petition required by act of 1897 is void.* The trustees of a village containing less than 25,000 inhabitants are without authority, under the Local Improvement act of 1897, (Laws of 1897, p. 103,) to pass an ordinance for a local improvement, although recommended by the board of local improvements, when a majority of lot owners in any one or more contiguous blocks affected by the improvement did not petition therefor as required by section 4 of such act.

2. JURISDICTION—*want of jurisdiction over the subject matter cannot be waived.* The absence of a petition for a local improvement in towns of less than 25,000 inhabitants debars the court from acquiring jurisdiction of special assessment proceedings to pay for the improvement, and the right to raise the objection by motion to dismiss is not waived by filing other objections to the confirmation.

3. SAME—*objection to jurisdiction may be made by motion to dismiss.* An objection to the jurisdiction of the court over the subject matter of a special assessment proceeding may be made at any time, by motion to dismiss as well as by plea.

APPEAL from the County Court of Piatt county; the Hon. F. M. SHOUKWILER, Judge, presiding.

This is a petition, filed in the county court by the appellant, the village of Hammond, on July 19, 1898, for the levying of a special assessment to pay for the construction of a drain in the village, which had been provided for by an ordinance, adopted by the president and board of trustees for the village on July 12, 1898. Annexed to the petition, and forming a part of it, were a certified copy of the said ordinance, attested by the village clerk under the corporate seal; a copy of the recommendation of the improvement by the board of local improvements of the village; and a copy of the estimate of the cost of the improvement, as made by the president of the board of local improvements.

The assessment was made by an officer appointed for that purpose, and on August 30, 1898, the assessment roll was filed in court, and an order was entered directing publication of notice thereof. On September 21, 1898, the appellant presented proof of mailing, posting, and publishing the notice; and the court entered an order, approving the same, and directing that the time of filing exceptions to the assessment should be extended to September 22, 1898. On September 21, 1898, the appellees appeared and filed objections to the confirmation of the assessment. On September 22, 1898, default was entered against all property owners who had not filed objections; and the cause was set for hearing on October 4, 1898, as to the objections filed, and was continued to the latter date.

On October 4, 1898, the appellees, who are the objectors below, appeared, and presented a motion to dismiss the petition of appellant. The court heard the evidence and arguments of counsel upon said motion, and took the matter under advisement. On October 14, 1898, the court entered an order, dismissing the proceedings at the cost of the petitioner, the present appellant, to which objec-

181—27

tion was made, and exceptions were preserved. Thereupon, the present appeal was taken by the village from said order of dismissal.

REED & EDIE, for appellant.

LODGE & HICKS, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Among the objections, filed by the appellees in the court below to the confirmation of the special assessment, were objections to the effect, that no petition, asking for the construction of the proposed improvement, was ever presented to the board of local improvements of the village of Hammond; and that no legal ordinance was passed by the village, authorizing the construction of the proposed improvement. In line with these objections, was the third reason, assigned by the appellees in support of their motion to dismiss the petition and the assessment proceedings. The third reason, thus urged in support of the motion to dismiss, was that the village of Hammond had less than 25,000 inhabitants, and that no petition of a majority of lot owners was ever presented to the board of local improvements, asking for the proposed improvement.

The last clause of section 4, of the act of June 14, 1897, "concerning local improvements," provides that, "in cities, towns, or villages having a population of less than 25,000, ascertained as aforesaid, no ordinance for making any local improvement shall be adopted, unless the owners of a majority of the property in any one or more contiguous blocks abutting on any street, alley, park, or public place, shall petition for said local improvement." (Laws of Ill. 1897, p. 103). This requirement of the act is imperative in its character. The city council and board of village trustees in cities, towns, or villages, having a

population of less than 25,000, have no power to pass an ordinance for a local improvement, unless the owners of a majority of the property in any one or more contiguous blocks, abutting on any street, etc., petition therefor. There is no contradiction between section 4 of the act and section 7 thereof, which latter section gives to the improvement board the power "to originate a scheme for any local improvement, to be paid for by special assessment or special tax, either with or without a petition," because the provision, thus contained in section 7, applies to cities having a population of 25,000 or more. (*City of Bloomington* v. *Reeves*, 177 Ill. 161).

In the present case, the appellant, the petitioner below, produced a copy of the ordinance for the improvement, and a copy of the recommendation thereof by the board of local improvements, and a copy of the estimate of the cost of the improvement; and thereby it made a *prima facie* case.   Section 9 of the act provides, that the recommendation of the board shall be *prima facie* evidence that all the preliminary requirements of the law have been complied with.   With nothing before it but said *prima facie* evidence, the court would have been justified in presuming that the petition for the improvement, as required by section 4, had been presented. The burden of proof then rested upon appellees, the objectors below, to show, if they could, that said petition had not been presented.   Upon the showing that the petition had not been presented, the ordinance for the improvement was absolutely void.

In support of their motion to dismiss, the appellees produced to the court evidence, showing that no petition of property owners had ever been presented to the board of local improvements.   The motion to dismiss was addressed to the court, and it was not necessary to wait until the trial before the jury, before introducing proof of a non-presentation of the petition.   The only question, which the jury would have had the power to decide,

was, whether the property of the objectors had, or had not, been benefited by the improvement to the amount assessed against it. (*Sweet* v. *West Chicago Park Comrs.* 177 Ill. 492). We held, in *Merritt* v. *City of Kewanee,* 175 Ill. 537, that, although the ordinance was *prima facie* valid in view of the recommendation made by the board of improvements, yet, when the proof showed, that the petition had not been signed in accordance with the provisions of section 4, the void character of the ordinance ·was established. It follows, that the county court was justified in dismissing the proceedings, because, the ordinance being void, it had no jurisdiction to entertain the petition. Appellant claims, that the appellees waived their right to dismiss the proceedings for want of jurisdiction, upon the alleged ground, that, by filing objections to the confirmation of the assessment before the motion to dismiss was made, they thereby submitted themselves to the jurisdiction. The want of jurisdiction over the person may be waived, but jurisdiction over the subject matter cannot be conferred upon the court by consent of parties; and, therefore, the want of it cannot be waived by either party. (*Leigh* v. *Mason,* 1 Scam. 249; *Beesman* v. *City of Peoria,* 16 Ill. 484; *Peak* v. *People,* 71 id. 278). The objection to the jurisdiction may be taken by motion to dismiss the suit, as well as by plea; and a motion to dismiss for want of jurisdiction in the court to take any action at all may be made at any time. (12 Am. & Eng. Ency. of Law, p. 309; *Waterman* v. *Tuttle,* 18 Ill. 292; *Goodwillie* v. *City of Lake View,* 137 id. 51).

We are, therefore, of the opinion that the county court committed no error in entering the order of dismissal here complained of. The judgment of the county court is affirmed.

*Judgment affirmed.*