## Edward W. Marvel v. James McKinzey.

1. STATUTE—*Purpose of Chapter 95, Par. 27, R. S.*—The purpose of Chapter 95, Par. 27, R. S., is to secure to the mortgagor whose property has been sold under a chattel mortgage, full information of the amount each article brought and the items of expense attending such sale, and where the mortgagor has received all the information concerning the

sale in question that he was entitled to under the requirements of the statute, he can not complain.

Debt, to recover a statutory penalty.  Appeal from the Circuit Court of DeWitt County; the Hon. WILLIAM G. COCHRAN, Judge presiding. Heard in this court at the May term, 1902.  Reversed.  Opinion filed November 24, 1902.

LEMON & LEMON, attorneys for appellant.

EDWARD J. SWEENEY, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellee, James McKinzey, sued the appellant, Edward W. Marvel, in the Circuit Court of DeWitt County, in an action of debt to recover one-third the value of certain personal property which it was alleged that the appellant had sold under the power of sale contained in a chattel mortgage which the appellee had given to the appellant to secure appellee's note to appellant for $1,000.

The declaration charged that the appellant did not make out a statement showing the items of said personal property sold, the names of each purchaser thereof and the amount for which each article sold, and did not make out an itemized statement of the necessary reasonable expenses incurred in taking, keeping and selling said property; and that the appellant did not, within ten (10) days after said sale, deliver such itemized statement to the appellee in person or by mail, by means whereof, and by virtue of the provisions of Chapter 95 of the Revised Statutes of the State of Illinois relating to chattel mortgages, the appellant became liable to pay the appellee on account of such failure, said one-third of the value of said property, which value is alleged to be $1,800.

The appellant pleaded nil debit, upon which issue was joined, and a trial had before the court without a jury by consent of parties, which resulted in a finding and judgment in favor of the appellee for $474.  The appellant excepted to the finding and judgment and moved for a new trial, which was denied, and he excepted; he then moved in arrest of judgment, which was overruled, and he excepted.

To effect a reversal of the judgment, appellant brings the case to this court by appeal, and urges that the finding and judgment are not supported by the evidence and the law applicable thereto; that the averments in the declaration are not sufficient to support the judgment; and that the court ruled improperly on the propositions of law which were submitted.

It appears that the appellant held a chattel mortgage upon a lot of personal property which had been given to him by the appellee to secure the payment of a $1,000 note of the appellee to the appellant, and that he also held by assignment two other chattel mortgages, and the notes they secured, which the appellee had also given upon the same property to others, and which were prior liens upon the property to the one he gave to the appellant. The appellant sold the property under the power of sale contained in the mortgage securing the $1,000 note, and the appellee attended the sale, assisted in conducting it, bought some of the property sold, saw the list of items sold, made by the clerk of the sale, had an opportunity to examine for himself the clerk's list showing what each article sold brought, to whom sold, and that the sale amounted to $1,529.40.

Five days after the day the property was sold, appellant's agent, who conducted the sale for the appellant, gave the appellee a written statement showing the amount the property sold for, and of each item of the expenses attending the sale and care of property, etc., and how the balance of the proceeds was applied upon the indebtedness secured by the mortgages, which were liens upon the property; which statement the appellee received without any objection whatever that it failed to contain any information which he desired or was entitled to.

The appellee seeks in this action to recover from the appellant under the following provision of chapter 95, paragraph 27, Starr & Curtis' Ill. Statutes (1896), p. 2774, Sec. 2:

"That all sales of personal property under the power of sale contained in any chattel mortgage, shall be made in the county where the mortgagor resides, or where the prop-

erty is situated when mortgaged; if there are more than one mortgagor, then in the county where the mortgagor in possession of the property resides at the time of taking possession by the mortgagee; and in every case where the mortgagor can be found, or his or her postoffice address can be ascertained, notice of the time and place of said sale shall be given to one or more of the mortgagors three days prior to said sale, and by posting a copy of said notice at the place where said goods secured by said mortgage are located, at least three days prior to said sale; and upon the making of said sale the mortgagee shall make out a statement showing the items of personal property sold, the names of each purchaser and the amount for which each article sold, and also an itemized statement of the necessary reasonable expenses incurred in taking, keeping and selling said property, and shall deliver the same to the mortgagor, or some one of them, in person or by mail, and if he fails so to do within ten days after said sale, the owner of said property may sue for and recover one-third of the value of the property so sold from the mortgagee or person making said sale as assignee or said mortgagee : *Provided,* that nothing in this act shall apply to the sale of furniture by regular dealers on the so-called installment plan."

The purpose of the statute is to secure to the mortgagor whose property has been sold under a chattel mortgage, full information of the amount each article brought and the items of expense attending such sale. Robley v. Culwell, 69 Ill. App. 272.

It is undisputed by the evidence that the appellee received all the information concerning the sale in question that he was entitled to under the requirements of the statute; therefore the learned judge who tried this case erred in finding otherwise, and his finding is not supported by the evidence and the law applicable thereto.

That being the case, it is unnecessary for us to consider the other errors assigned. For the error indicated, the judgment will be reversed.

**Finding of facts,** to be incorporated in the record :

This court finds as a part of the judgment that the appellant did not fail to furnish to the appellee the information concerning the sale of the personal property in question as charged in the declaration.