## Town of Chalmers v. W. F. Tandy.

1. JUSTICE'S DOCKET—*conclusiveness of entries in.* The entries of a judgment in a justice's docket are conclusive as to the facts therein stated.

2. ATTORNEY—*power of, to confess judgment in justice court.* An attorney has, in a justice court as well as in a court of record, the power to confess a judgment on behalf of his client.

3. CONFESSION OF JUDGMENT—*when not improper.* A judgment may be confessed by an attorney on behalf of his client in an action of debt brought for the purpose of recovering a statutory penalty.

4. MOTION TO DISMISS—*when in apt time.* A motion to dismiss an appeal from a judgment entered by confession before a justice of the peace, may be made at any time, as an appeal from such a judgment is unauthorized by statute and confers no jurisdiction upon the appellate tribunal.

Action of debt to recover statutory penalty. Appeal from the Circuit Court of McDonough County; the Hon. GEORGE W. THOMPSON, Judge,

Town of Chalmers v. Tandy.

presiding. Heard in this court at the May term, 1903. Reversed and remanded with directions. Opinion filed October 12, 1903.

RALPH W. PONTIOUS and NEECE & SON, for appellant.

SWITZER & MELOAN, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This was a suit originally instituted by appellant against appellee, before a justice of the peace, to recover a penalty of $50 provided for in sections 4 and 9, art. 11, chapter 139, R. S., for a refusal or wilful neglect of appellee, as supervisor of the Town of Chalmers, to keep a just and true account of the receipts and expenditures of all moneys coming into his hands, by virtue of his office, in a book to be provided for that purpose at the expense of the town.

Judgment was rendered by the justice of the peace, against appellee for the amount of such penalty, and his prayer for an appeal to the Circuit Court, granted. In the Circuit Court, counsel for appellant moved the court to dismiss the appeal, on the ground that the judgment against appellee in the justice's court was by confession and no appeal lies from such judgment. The court overruled this motion and appellant excepted. The case proceeded to trial in the Circuit Court, where there was a verdict of not guilty and judgment against appellant for costs, from which judgment this appeal is taken.

Appellant assigns for error the action of the court in overruling its motion to dismiss the appeal from the justice. Numerous other errors are assigned, relating to the rulings of the court on the trial, in admitting improper evidence and in the giving and refusing instructions, etc., but in the view we take of the case, it will not be necessary to pass on any of the questions raised on this appeal, other than the one under the assignment of error, as to the action of the court in overruling appellant's motion to dismiss the appeal.

The transcript of the justice relating to the judgment, is as follows:

"May 16, 1902, summons issued returnable on the 26th day of May, 1902, at 9 o'clock A. M., and delivered to constable W. I. Twyman, May 26, 1902, summons returned served May 26, 1902, this day set for trial, parties in court, defendant asked for continuance on the grounds that his attorney was out of town, continuance granted, and by agreement trial set for the 31st day of May, 1902, at 1 o'clock P. M., May 31, 1902, defendant appeared by his attorney Theodore Switcher and confessed judgment to amount of $50 due the Town of Chalmers, and costs of suit.   Thereupon judgment was rendered against W. F. Tandy, defendant, and in favor of the Town of Chalmers for $50 and costs of suit."

This entry of the judgment on the justice's docket must be taken as conclusive evidence of the facts therein recited. Boettcher v. Bock, 74 Ill. 332.   Appellee insists that an attorney cannot confess judgment for his client in an action before a justice of the peace.   No authority has been cited to sustain this position and upon principle we can see no reason why the authority of an attorney to confess judgment for his client, after action brought, should be limited to courts of record, where it is conceded to exist.   In Wasson v. Cone, 86 Ill. 46, it was held that a defendant in an action before a justice of the peace, might enter his appearance by attorney, and that such entry of appearance conferred jurisdiction of the person of defendant, although notices required to be posted for service were insufficient.

If an attorney by entering the appearance of his client can confer jurisdiction of his, the client's, person before a justice of the peace, can he not further exercise the ordinary functions of an attorney by confessing judgment?   It is not denied that the attorney of appellee was regularly retained and fully empowered to act in the case, and having so acted, we must presume it was by authority.   It has been held that, if an attorney appear for a defendant, whether service has been had or not, without his authority, or lets it go by default, the judgment is regular and will not be set aside, but the attorney is liable to an action. Wilson v. Spring, 64 Ill. 14, and cases cited.   In Barber v. Chandler, 55 Am. Dec. 533, where judgment was confessed

Town of Chalmers v. Tandy.

before a justice of the peace by the agent of defendant, it is said : " A party before a justice of the peace is allowed to appear by an agent and there is no form of law constituting such agency." We do not mean to be understood as holding that appellee was without remedy or relief in this case, if the attorney who entered his confession of judgment before the justice had no authority so to do. A cross-motion, with proper showing in support of it, was available to him to relieve him from the situation in which the justice's transcript placed him. Ferris v. Com. Nat'l Bank, 158 Ill. 287.

It is contended that in an action to recover a penalty, judgment cannot be confessed for such penalty. This was properly an action in debt. Robley v. Culwell, 69 Ill. App. 272. In Baldwin v. Murphy, 82 Ill. 485, it was held that judgment might be confessed before a justice of the peace on a warrant issued for violation of a village ordinance. It is also contended that appellant's motion was not in apt time, having been filed at the second term of the court following the filing of the justice's transcript. The statute provides that appeals from judgments of justices of the peace shall be granted in all cases except on judgments confessed. The right of appeal is purely statutory, and in order that an appeal be sustained, the right of the party to appeal must clearly appear. Fairbank v. Streeter, 142 Ill. 226. The judgment before the justice having been entered by confession, there was no right of appeal by appellee and the Circuit Court did not acquire jurisdiction of the case. A motion to dismiss the appeal for want of such jurisdiction may be made at any time. Village of Hammond v. Leavitt, 181 Ill. 416; Nigh v. Dovel, 84 Ill. App. 228.

We conclude that appellant's motion to dismiss the appeal should have been sustained, and the judgment will be reversed and cause remanded with directions to dismiss the appeal.

*Reversed and remanded with directions.*